George R. ZANGHI, Plaintiff-Appellant,

v.

The INCORPORATED VILLAGE OF OLD BROOKVILLE, The Old Brookville Police Department, John Kenary and Kenneth Wile, Defendants-Appellees.

No. 356, Docket 84–7488.

United States Court of Appeals, Second Circuit.

Argued Oct. 16, 1984.

Decided Jan. 4, 1985.

Matthew Tedone, Albertson, N.Y. (Tedone & Tedone, Albertson, N.Y., Delligatti & Henderson, Mineola, N.Y., of counsel), for plaintiff-appellant.

John Mezzacappa, New York City (Rein, Mound & Cotton, New York City, of counsel), for defendants-appellees.

Before OAKES and VAN GRAAFEILAND, Circuit Judges, and METZNER, Senior District Judge.*

METZNER, Senior District Judge:

Plaintiff, George R. Zanghi, appeals from an order granting the motion of defendants The Incorporated Village of Old Brookville and The Old Brookville Police Department ("Police Department") to dismiss the complaint for failure to state a claim (Fed.R. Civ.P. 12(b)(6)), and granting the motion of defendants John Kenary and Kenneth Wile for summary judgment. The action seeks money damages for alleged violation of his civil rights (42 U.S.C. § 1983) and alleged common law tortious conduct.

On the night of October 22, 1981, Sgt. Kenary of the Police Department, while responding to a radio call, spotted Zanghi's truck being driven without lights, stopped the truck, observed Zanghi's demeanor, and placed him under arrest for driving while intoxicated. Kenary then took Zanghi to police headquarters for processing. While at headquarters, an "incident" involving Zanghi and Kenary and Police Officer Wile took place during which Zanghi's cheekbone was broken. As a result of this incident, Zanghi was additionally charged with resisting arrest and obstructing governmental administration.

After his arrest, Zanghi refused to submit to a chemical test for intoxication. Under such circumstances, Section 1194 of the New York Vehicle and Traffic Law provides for the immediate temporary suspension of the driver's license, followed by an administrative hearing to be held within 15 days of arraignment to determine if revocation of the license for six months should be imposed. Zanghi's license was temporarily suspended and a hearing was held at which Zanghi, who was represented by counsel, and the police officers testified. The Administrative Law Judge found that there were reasonable grounds to arrest Zanghi for driving while intoxicated, that within two hours of arrest Zanghi refused a proper request to submit to a chemical test for intoxication, and that he was properly warned of the consequences of his refusal. He therefore revoked Zanghi's driver's license for six months, as provided for by Section 1194.

Zanghi took an appeal from this order to the Commissioner of the Department of Motor Vehicles who affirmed the decision below. Zanghi took no further action to review the determination.

---

* Hon. Charles M. Metzner, of the United States District Court for the Southern District of New York, sitting by designation.

After he was acquitted by a jury in May of 1982 of the criminal charges lodged by Kenary, Zanghi instituted the instant action for damages under Section 1983.

Although the complaint is not a model of clarity, it may fairly be interpreted to allege a Section 1983 action predicated on claims of false arrest, false imprisonment and malicious prosecution relating to the charge of driving while intoxicated, false imprisonment and malicious prosecution relating to the charge of resisting arrest and obstructing governmental administration, and the use of excessive force in connection with the arrest. The complaint also alleges pendent state claims for these actions as well as a claim of negligence. After the completion of all discovery, a joint pretrial order was submitted to and approved by the court. The instant motions followed.

*Motion by the Municipal Defendants*

■ In order to state a 1983 claim against a municipal defendant, *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978) requires that the plaintiff allege that the unconstitutional act occurred pursuant to some official policy or governmental custom.

We have held in *Owens v. Haas,* 601 F.2d 1242 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979), that a municipality could be held liable under *Monell* if the failure to supervise or the lack of a proper training program for police officers was so severe as to reach the level of "gross negligence" or "deliberate indifference" to the rights of a plaintiff. We further held that a severe beating might serve as a link between the municipality's failure to train properly and violation of the victim's rights. The plaintiff in *Owens* was afforded the right to limited discovery to determine whether facts existed which would permit recovery on the basis indicated by the court.

■ The complaint in this case alleges only that "[t]he torts committed against plaintiff by the individual defendants were caused due to the negligence" of the mu-

nicipal defendants because they knew or should have known that "the individual defendants were unfit to serve as peace officers and were dangerous to members of the public such as the plaintiff."

Mere negligence in permitting the continued employment of personnel, however, does not rise to the level of "action pursuant to official municipal policy of some nature [which] caused a constitutional tort." *Monell,* 436 U.S. at 691, 98 S.Ct. at 2036. *See Cattan v. City of New York,* 523 F.Supp. 598, 601–02 (S.D.N.Y.1981) (allegation of continued employment of a police officer when municipal defendant knew or should have known of his vicious propensities insufficient to state claim under Section 1983).

Discovery in this case has been completed and a joint pretrial order submitted to and approved by the court. Plaintiff did not request leave to amend his complaint at this juncture. He does not argue or indicate that he will present evidence relating to an issue of improper supervision or training, or even in support of his allegations of negligence. He fails to allege facts sufficient to bring this case within the narrow single incident exception discussed in *Owens.*

*Motion for Summary Judgment by the Individual Defendants*

The moving papers on this motion consisted of the notice of motion and defendants' statement of uncontested facts required by former Rule 9(g) of the General Rules of the Eastern District of New York (now Rule 3(g) of the Civil Rules for that court). Defendants submitted no affidavit to support their application for summary judgment.

(a) *Collateral estoppel effect of the findings by the Administrative Law Judge*

■ It is abundantly clear that a finding of probable cause will defeat state tort claims for false arrest, false imprisonment and malicious prosecution. *Feinberg v. Saks & Co.,* 83 A.D.2d 952, 443 N.Y.S.2d 26 (1981).

As noted above, Zanghi appeared before an Administrative Law Judge for a hearing mandated by Section 1194 of the New York Vehicle and Traffic Law to determine whether his license should be revoked for a period of six months. The statute explicitly provides that the hearing is for the purpose of determining, among other things, the issue of "[whether] the police officer [had] reasonable grounds to believe that such person had been driving in violation of any subdivision of Section eleven hundred ninety-two of this chapter; . . ." After listening to testimony by plaintiff, who was represented by counsel, and the testimony of the police officers, the Administrative Law Judge found that probable cause to arrest plaintiff had existed. He also found that plaintiff had been told after his arrest both that he was required to submit to a chemical test and that his refusal would result in the revocation of his driver's license.

■ The court below found that under the circumstances of this case a New York court would give preclusive effect to the administrative finding of probable cause. We agree. The New York Court of Appeals has recently made it clear that the doctrine of collateral estoppel is applicable "to the quasi-judicial determinations of administrative agencies when rendered pursuant to adjudicatory authority of an agency to decide issues brought before its tribunals employing procedures substantially similar to those used in a court of law." *Ryan v. New York Telephone Co.*, 62 N.Y.2d 494, 496, 478 N.Y.S.2d 823, 825–26, 467 N.E.2d 487, 489–90 (1984).

■ Under 28 U.S.C. § 1738, a federal court must give the same preclusive effect that a state court would to a state "judicial proceeding." Whether an administrative determination rises to the level of a "judicial proceeding" is an open question that depends upon the circumstances of each case. The Supreme Court has stated, however, that:

"When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose."

*United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966).

■ The court below found, and plaintiff on appeal does not seriously challenge, that the issue of probable cause was identical in each instance. In addition, it is clear that the determination of probable cause was a necessary prerequisite under the statute to the revocation of Zanghi's driver's license and was therefore a decisive factor in the administrative hearing. The court also found that the hearing employed procedures substantially similar to those used in the courts.

Zanghi has failed to show that he did not have a full and fair opportunity to litigate the ultimate issue of probable cause. Potential revocation of a driver's license is not a matter to be taken lightly. Moreover, plaintiff was represented by counsel who we assume was competent to advise plaintiff of the effect of the administrative findings.

The administrative hearing and appeal in this case fall within the dictates of *Utah Construction* and therefore must be given preclusive effect in this Section 1983 action.

We agree that there is no genuine issue of material fact as to the existence of probable cause regarding the arrest for driving while intoxicated, and summary judgment was correctly granted as to the claims of false arrest, false imprisonment and malicious prosecution relating to the charge of driving while intoxicated which form a basis for this Section 1983 action.

■ The administrative law judge made no finding, however, as to probable cause for the other charges of resisting arrest and obstructing governmental administration lodged against Zanghi in the state court. We therefore reverse the summary judgment order insofar as it affects Zanghi's Section 1983 claims based on false imprisonment and malicious prosecution re-

lating to the resisting arrest and obstructing governmental administration charges, as well as the pendent state claims seeking relief on these grounds.

(b) *Burden of proof on summary judgment motion*

■ This brings us to the claim by plaintiff that defendants "used excessive and unwarranted physical force and did physically and mentally commit battery against the plaintiff." There is no doubt that if these facts are proven on trial, they may be the basis for recovery under Section 1983. *See Johnson v. Glick*, 481 F.2d 1028 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

■ The proponent of a summary judgment motion has the initial burden under Rule 56 to show the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–61, 90 S.Ct. 1598, 1608–1610, 26 L.Ed.2d 142 (1970). If the movant fails to meet that burden, the opponent will prevail even if the opponent submits no evidentiary matter to establish that there is indeed a genuine issue for trial. *Adickes*, 398 U.S. at 160, 90 S.Ct. at 1609; *Patrick v. Le-Fevre*, 745 F.2d 153, 158 (2d Cir.1984).

■ Paragraphs 6 and 7 of the Rule 9(g) statement submitted by defendants read as follows:

"6. Following the arrest, plaintiff was taken to the Old Brookville Police Department Headquarters for processing on the charge of driving while intoxicated.

7. Thereafter an incident ensued involving the plaintiff and the defendants John Kenary and Kenneth Wile as a result of which plaintiff sustained an injury."

The individual defendants submitted no affidavits to substantiate their claim that excessive force was not used in effecting this arrest. All we have is a statement by counsel that it is an uncontested fact that there was an "incident" involving plaintiff and the individual defendants at the sta-

tionhouse which resulted in injury to the plaintiff. This cannot possibly sustain a finding that there is no genuine issue as to the use of excessive force. A Rule 9(g) statement by counsel on a motion for summary judgment cannot be a substitute for an affidavit as to the facts. Such statement clearly is not embraced within Rule 56(c).

The order granting the motion by the municipal defendants to dismiss the complaint is affirmed. The order granting the motion by the individual defendants for summary judgment is affirmed as to the Section 1983 claims based on false arrest, false imprisonment and malicious prosecution relating to the charge of driving while intoxicated, and reversed as to the claims based on false imprisonment and malicious prosecution relating to the charge of resisting arrest and obstructing governmental administration, and the use of excessive force in connection with the arrest.