John Leonard SANGER,
Petitioner-Appellee,

v.

The COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, and Alan Charnes, in his capacity as duly appointed Executive Director of the Colorado Department of Revenue, Respondents-Appellants.

No. 85CA0945.

Colorado Court of Appeals,
Div. I.

March 26, 1987.

Robert E. Ray, Greeley, for petitioner-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for respondents-appellants.

TURSI, Judge.

The Colorado Department of Revenue appeals the judgment of the district court in which it stayed the Department's order revoking the driver's license of John Leonard Sanger pursuant to § 42–2–122.1(4)(a) and § 42–2–103(3)(c), C.R.S. (1984 Repl. Vol. 17). We reverse and remand with directions.

The Department held a hearing on April 19, 1985, to determine whether Sanger's driver's license should be revoked. At the conclusion of the hearing, the hearing officer found that Sanger drove with 0.15 or more grams of alcohol per 100 milliliters of blood. He therefore revoked Sanger's license under § 42-2-122.1.

Sanger filed a petition to review the revocation order and a motion for stay on May 10, 1985. On June 3, 1985, the district court considered and granted Sanger's motion to stay. The court also directed the Department to hold a hearing at which Sanger would be allowed to subpoena and examine additional witnesses to determine whether there had been probable cause to arrest him and to request a blood alcohol test.

The Department argues that the sole issue at the hearing is a driver's blood alcohol content and that questions of reasonable suspicion to stop or probable cause to arrest are not an issue. We disagree.

 Before a chemical test for blood alcohol can be administered, the arresting officer must have reasonable grounds to believe that the person has been driving a motor vehicle under the influence of, or while the ability to operate the vehicle has been impaired by, alcohol or drugs. *People v. Carlson*, 677 P.2d 310 (Colo.1984). *See* § 42-4-1202(3)(b), C.R.S. (1984 Repl.Vol. 17). Further, under the express consent statute, an arrest is a condition precedent to a request that a driver submit to a blood alcohol test. *O'Rourke v. Motor Vehicle Division*, 735 P.2d 207 (Colo.App.1987); *Humphrey v. Motor Vehicle Division*, 674 P.2d 987 (Colo.App.1983).

At the hearing, although the officer who requested the blood test did testify, the arresting officer did not appear nor was he subpoenaed by either party. However, there was no dispute that plaintiff was in fact arrested when the request that he submit to a blood test pursuant to the express consent law was made. Thus, the issue before us is whether, for purposes of the express consent statute, the officer requesting the blood test could rely upon an arrest made by a fellow officer.

We conclude that, under the record before us, the officer requesting the blood test could rely upon the information supplied to him by his fellow officers in making the determination that a valid arrest had been made. *See Renck v. Motor Vehicle Division*, 636 P.2d 1294 (Colo.App. 1981); *Ayala v. Department of Revenue*, 43 Colo.App. 357, 603 P.2d 979 (1979); *Johnson v. Motor Vehicle Division*, 38 Colo.App. 230, 556 P.2d 488 (1976). Further, there is substantial evidence to find the test was conducted within the one hour mandated by the statute, that the plaintiff consented to the test, and that the test results of 0.196 per 100 milliliters of blood established a violation of § 42-2-122.1.

Therefore, the order of the trial court staying the revocation of the driving privileges of Sanger is reversed, and the cause is remanded to the trial court to lift the stay and reinstate the revocation.

PIERCE and CRISWELL, JJ., concur.