**Thomas M. TERRONES, Plaintiff,**

v.

**T.W. ALLEN, et al., Defendants.**

**Civ. A. No. 86–C–863.**

United States District Court,
D. Colorado.

March 2, 1988.

Steven Bush, Asst. Atty. Gen., Denver, Colo., for plaintiff.

Vincent Todd, Gregory Dallas, P.C., Denver, Colo., for defendants.

### ORDER

CARRIGAN, District Judge.

Plaintiff commenced this action under 42 U.S.C. § 1983 alleging that his arrest and the subsequent revocation of his driver's license violated his constitutional rights.

The following facts are undisputed. Plaintiff was arrested by the defendant Allen, an Aurora, Colorado police officer, for driving while intoxicated. Plaintiff's driving privilege in Colorado was at that time under revocation, but he showed Allen a Kansas driver's license. Allen took the plaintiff to the Aurora police station and administered a breath-alcohol test. The test results indicated that the plaintiff's breath contained .241 grams of alcohol per 210 liters of breath. Allen then served the plaintiff with a "Notice of Revocation or Denial" of his Colorado driver's license.[1]

After a revocation hearing requested by the plaintiff, the hearing officer issued these findings:

(1) Plaintiff was driving a motor vehicle when he was stopped by Officer Allen;

(2) Probable cause existed for Officer Allen to contact the vehicle because of a complaint made by a citizen to the officer;

(3) Reasonable grounds existed for Officer Allen to request a breath-alcohol chemical test;

(4) The chemical test was given within an hour after the stop;

(5) The chemical test complied with the applicable rules; and

(6) The breath alcohol level was 0.241 grams of alcohol per 210 liters of breath.

The hearing officer revoked the plaintiff's driving privilege for one year. Plaintiff was represented by counsel at the hearing, and did not seek judicial review of the agency order.

According to the amended complaint, the district attorney for Colorado's Eighteenth Judicial District confessed a motion to suppress all evidence in the criminal case as the fruits of an unlawful stop and detention of the plaintiff by the defendant Allen.

---

1. Before a chemical test for blood alcohol can be administered in Colorado, the arresting officer must have reasonable grounds to believe that the subject has been driving a motor vehicle under the influence of, or while the ability to operate the vehicle has been impaired by, alcohol or drugs. *People v. Carlson,* 677 P.2d 310 (Colo.1984).

Subsequently, all criminal charges against the plaintiff were dismissed.

Plaintiff alleges that "the charges brought against him, and the revocation of his Colorado Driver's License were the result of [the defendant Allen's] unlawful stop and without probable cause." (Amended complaint, para 7.) He further alleges that his "arrest was in violation of his rights under the Fourth Amendment of the United States Constitution to be free from unreasonable search and seizure and to due process of law." (*Id.*)

Although the plaintiff's driving privileges have been reinstated because the revocation period has expired, his driver's history continues to reflect a revocation order, and the plaintiff seeks a ruling requiring the defendant John Doe, an unknown person who will be appointed Executive Director of the Colorado Department of Revenue, to expunge the revocation from the plaintiff's record.

Defendant John Doe has filed a motion for summary judgment alleging that no genuine issue of material fact exists. Summary judgment is proper under Fed.R. Civ.P. 56(c) if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The parties have briefed the issues and oral argument would not materially assist my decision.

An arrest not based on probable cause violates the constitution and can be the basis for recovery under § 1983. *Sartin v. Commissioner of Public Safety*, 535 F.2d 430 (8th Cir.1976). The Fourth Amendment governs "seizures" of the person made prior to or during an arrest. *See Terry v. Ohio*, 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968) ("[i]t must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person").

■ A plaintiff, however, will not prevail under § 1983 for claims arising out of an arrest where the arrest was supported by probable cause. *Karr v. Smith*, 774 F.2d 1029 (10th Cir.1985). *See Buchanan v. Sowa*, 592 F.Supp. 1009 (D.Ohio 1984) (arrest of plaintiff by officers, who reasonably believed that a crime was being committed, was based on probable cause and did not give rise to § 1983 liability); *Greene v. Brown*, 535 F.Supp. 1096 (E.D.N.Y.1982) (if probable cause to arrest is established, a plaintiff may not recover for a civil rights violation arising out of the arrest). "[A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." *Terry, supra*, 392 U.S. at 22, 88 S.Ct. at 1880.

While the issue of whether the defendant Allen had reasonable cause to stop and probable cause to arrest the plaintiff presents a factual issue, the defendant John Doe contends that the revocation hearing officer's finding that the defendant Allen had probable cause to stop the plaintiff is binding in this proceeding under the doctrines of res judicata and collateral estoppel.[2]

The United States Supreme Court has recognized that "it is sound policy to apply principles of issue preclusion to the fact finding of administrative bodies acting in a judicial capacity." *University of Tennessee v. Elliot*, 478 U.S. 788, 106 S.Ct. 3220, 3226, 92 L.Ed.2d 635 (1986). In *Elliot* the Court held that a state administrative proceeding, quasi-judicial in nature, resolving disputed issues that the parties have had an opportunity to litigate, is entitled to the same preclusive effect in a § 1983 action

---

2. The hearing officer concluded that Officer Allen had probable cause to contact the plaintiff. Actually, when the police detain an individual in a manner that is not the functional equivalent of an arrest, the Fourth Amendment only requires that the investigatory stop be reasonable under the circumstances. *Pliska v. City of*

*Stevens Point*, 823 F.2d 1168 (7th Cir.1987). *See United States v. Montoya de Hernandez*, 473 U.S. 531, 105 S.Ct. 3304, 87 L.Ed.2d 381 (1985) (reasonableness depends upon all the circumstances surrounding the search or seizure and the nature or the search or seizure itself).

filed in federal court as it would be accorded by the state courts. The Court reasoned that:

> "[G]iving preclusive effect to administrative fact finding serves the value underlying general principles of collateral estoppel: enforcing repose. This value, which encompasses both the parties' interest in avoiding the cost and vexation of repetitive litigation and the public's interest in conserving judicial resources ... is equally implicated whether fact finding is done by a federal or state agency.
>
> "Having federal courts give preclusive effect to the fact finding of state administrative tribunals also serves the value of federalism." *Id.* 106 S.Ct. at 3226.[3]

In *United States v. Utah Construction and Mining Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), the Court said:

> "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." *Id.* 86 S.Ct. at 422.

■ Thus the hearing officer's finding that Officer Allen had probable cause to stop the plaintiff is binding in this proceeding and bars the plaintiff's claims against the defendant Doe if: (1) the hearing officer was acting in a judicial capacity; (2) Colorado courts apply the doctrines of res judicata and collateral estoppel to administrative findings where the agency is acting in a judicial capacity; and (3) Colorado courts would apply either res judicata or collateral estoppel to preclude relitigation of the finding that Allen had probable cause. I shall address these requirements in the order just presented.

**3.** The *Elliot* Court quoted the reasoning expressed in 4 K. Davis, Administrative Law Treatise § 21.9, p. 78 (2d ed. 1983):

> "The law of res judicata, much more than most other segments of law, has rhyme, reason, and rhythm—something in common with good poetry. Its inner logic is rather satisfying. It consists entirely of an elaboration of

### A. *Judicial Capacity.*

"Whether an administrative determination rises to the level of a 'judicial proceeding' is an open question that depends upon the circumstances of each case." *Zanghi v. Incorporated Village of Old Brookville,* 752 F.2d 42, 46 (2d Cir.1985). Here, the plaintiff was represented by counsel at his revocation hearing, and had the right to subpoena witnesses. The hearing officer's decision was subject to review in the state courts. Significantly, none of the pleadings and documents submitted by the plaintiff suggests that the hearing officer was acting in any capacity other than a judicial capacity when he presided over the revocation hearing. Thus I conclude that the hearing officer was acting in a judicial capacity when he upheld Officer Allen's revocation of the plaintiff's license.

### B. *Agency Decisions and Res Judicata/Collateral Estoppel.*

Colorado courts have held that the doctrines of res judicata and collateral estoppel may be applied to administrative actions. *See, e.g., Umberfield v. School Dist. No. 11,* 185 Colo. 165, 522 P.2d 730 (1974) (school board's decision in a proceeding to dismiss a tenured teacher under the Teacher Employment, Dismissal, and Tenure Act was res judicata in a subsequent administrative proceeding before the Colorado Civil Rights Commission); *Industrial Commission v. Moffat County School District,* 732 P.2d 616 (Colo.1987). In the last cited case, the court declared that "[t]he doctrines of res judicata and collateral estoppel were developed in the context of judicial proceedings, but may be applied to administrative actions as well." 732 P.2d at 620. The court there stated:

> "The findings and conclusions of an administrative agency may be binding upon the parties in a subsequent proceeding if the agency that rendered the decision

the obvious principle that a controversy should be resolved once, not more than once. The principle is as much needed for administrative decisions as for judicial decisions. To the extent that administrative adjudications resemble courts' decisions—a very great extent—the law worked out for courts does and should apply to agencies."

acted in a judicial capacity and resolved disputed issues of fact which the parties had an adequate opportunity to litigate." *Id.*

Thus it is clear that in a proper case, a Colorado court would apply either res judicata or collateral estoppel to the determination of an administrative agency.

C. *Whether Colorado Courts Would Apply Res Judicata or Collateral Estoppel to the Hearing Officer's Conclusion.*

Because I already have concluded that the hearing officer was acting in a judicial capacity when he upheld revocation of the plaintiff's license, and that a Colorado court would, in an appropriate case, apply the doctrines of res judicata and collateral estoppel to an administrative decision, I must decide whether a Colorado court would apply either res judicata or collateral estoppel to bar relitigation of the hearing officer's determination that Officer Allen had probable cause to stop the plaintiff.

It is not necessary that the requirements of both res judicata and collateral estoppel be satisfied with respect to the hearing officer's decision. Rather, relitigation of the hearing officer's decision will be precluded if either res judicata *or* collateral estoppel applies.

### 1. Res Judicata.

Res judicata refers to claim preclusion. The Colorado Supreme Court in *Umberfield, supra,* stated that under the doctrine of res judicata:

"[A]n existing judgment is conclusive of the rights of the parties in any subsequent suit on the same claim. It bars relitigation not only of all issues actually decided, but of all issues that might have been decided." 522 P.2d at 732.

Defendant Doe argues that res judicata operates to bar the plaintiff's attempt to require the defendant to expunge the revocation order from the plaintiff's driving record because:

"Terrones pressed the claim for return of his driver's license and restoration of his driving record at the Department of Revenue hearing. His claim was based on

his theory that T.W. Allen illegally stopped him. This claim is identical to that which he seeks to litigate in this court." (Defendant's reply, at 2.)

Additionally, Doe contends that the plaintiff could have petitioned a Colorado district court to review both the hearing officer's findings of fact and his conclusions of law, including the conclusion regarding probable cause. According to Doe, "Terrones' failure to press this claim in a state court on judicial review is res judicata and bars relitigation of the claim." (*Id.*)

While the defendant Doe presents a strong argument in support of his claim that res judicata bars the plaintiff's § 1983 action, I need not reach a conclusion on this issue if I decide that the plaintiff's claims against the defendant Doe are collaterally estopped by the hearing officer's finding that Officer Allen had sufficient cause to stop and arrest the plaintiff. For the reasons stated below I conclude that the doctrine of collateral estoppel operates to bar the plaintiff's § 1983 action against the defendant Doe.

### 2. Collateral Estoppel.

The term "collateral estoppel" refers to "issue preclusion." Under Colorado law, collateral estoppel bars relitigation of an issue determined at a prior proceeding if:

(1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding;

(2) The party against whom estoppel is sought was a party to or was in privity with a party to the prior proceeding;

(3) There was a final judgment on the merits in the prior proceeding; and

(4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Industrial Commission,* 732 P.2d 616, 619–20; *People v. Hearty,* 644 P.2d 302, 312 (Colo.1982). "Collateral estoppel renders a final decision of an adjudicative body on an issue actually litigated conclusive as to that issue in a subsequent action."

*Pomeroy v. Waitkus,* 183 Colo. 344, 350, 517 P.2d 396, 399 (1973).

As observed by the Colorado Supreme Court:

"Principles of collateral estoppel, or issue preclusion, differ from principles of res judicata, or claim preclusion. Collateral estoppel is broader than the doctrine of res judicata, because it applies to a cause of action different from that litigated in the original controversy. Collateral estoppel is narrower, however, because it does not apply to matters that could have been litigated but were not." *Industrial Commission, supra,* 732 P.2d at 620.

Doe contends that collateral estoppel precludes the plaintiff from relitigating the issue of whether the defendant Allen was legally stopped. He argues that the hearing officer's finding on the issue of probable cause is binding in this proceeding because:

"The Department's Hearing Officer sat in a judicial capacity and made adjudicative findings. The Hearing Officer possessed adjudicative powers, granted in section 42-2-122.1(8)(b), C.R.S. (1984). He employed procedures similar to those used in the courts. Section 42-2-122.1(10), C.R.S. (1984); section 24-4-105(7), C.R.S. (1982). He was required to determine whether Allen stopped Terrones based upon probable cause.... Terrones was allowed to subpoena witnesses and to present evidence and arguments on this issue." (Defendant's brief, at 2).

Of the four requirements for collateral estoppel listed above, *supra,* the plaintiff appears to be arguing only that the first requirement is not met. Specifically, he contends that the issue of probable cause was not necessarily adjudicated by the hearing officer.

Defendant Doe's response is that there is "no question whether the Hearing Officer

was required to determine probable cause. The issue was actually litigated and we are now sure that the issue was decided of necessity." Doe relies on *Sanger v. Colorado Department of Revenue,* 736 P.2d 431 (Col.App.1987). There the court reversed the district court's stay of the Department of Revenue's revocation of the plaintiff's driver's license. The court stated that:

"The Department argues that the sole issue at the hearing is a driver's blood alcohol content and that questions of reasonable suspicion to stop or probable cause to arrest are not an issue. *We disagree.* 736 P.2d at 432 (emphasis added).[4]

Given the language in *Sanger* combined with the hearing officer's express finding that "[p]robable cause existed for officer (Allen) to contact vehicle due to citizen's complaint," I conclude that the issue of probable cause was actually litigated and necessarily adjudicated at the revocation hearing.

The present case is similar to *Zanghi, supra,* 752 F.2d 42. There the plaintiff sued a village, its police department and officers, alleging a § 1983 claim and state law claims arising out of his arrest for driving while intoxicated. After his arrest the plaintiff had refused to submit to a chemical test for intoxication. New York law provided that under such circumstances, the driver's license would be temporarily suspended and an administrative hearing would be held within 15 days of arraignment to determine if the license should be revoked. The administrative law judge at the hearing found that there were reasonable grounds to arrest the plaintiff for driving while intoxicated and revoked the plaintiff's license for six months. A jury, however, later acquitted the plaintiff of the criminal charges against him.

**4.** In *Sanger* the Colorado Department of Revenue unsuccessfully argued that the hearing officer had not considered the issues of reasonable cause to stop or probable cause to arrest. In the present case, the defendant Doe takes the opposite position. In an effort to explain this inconsistency, he states:

"Even though the Department of Revenue may have argued otherwise in other cases, Terrones' litigation of the question of probable cause would have been the same regardless of any position taken by the Department. The issue was actually and necessarily litigated and should not be relitigated." (Defendant's reply brief, at 4.)

The Second Circuit in *Zanghi* held, under New York law, that in a hearing to determine whether the plaintiff's driver's license should be revoked after the driver was arrested and refused to submit to a chemical test for intoxication after being warned of the consequences of such refusal, preclusive effect would be given to an administrative finding of probable cause made by an administrative law judge. That court also held that under New York law, collateral estoppel is applicable to a quasi-judicial determination of an administrative agency when rendered pursuant to the adjudicatory authority of an agency to decide issues brought before its tribunals that employ procedures substantially similar to those used in courts.

After concluding that the issue of probable cause was identical in each instance, the court declared:

"[Plaintiff] has failed to show that he did not have a full and fair opportunity to litigate the ultimate issue of probable cause. Potential revocation of a driver's license is not a matter to be taken lightly. Moreover, plaintiff was represented by counsel who we assume was competent to advise plaintiff of the effect of the administrative findings." 752 F.2d at 46.

The Second Circuit's reasoning in *Zanghi* is both persuasive and applicable here. As in *Zanghi*, the hearing officer in the present case found that the initial stop and the subsequent arrest were proper. Plaintiff's pleadings contain no indication that he is contending that the revocation hearing was not judicial or quasi-judicial in nature, or that the plaintiff did not have an adequate opportunity to litigate the issue of whether the stop and arrest were proper. Plaintiff was represented by counsel at the revocation hearing. Moreover, he could have appealed the administrative law judge's decision but did not.

I conclude that the hearing officer's finding that probable cause existed to stop the plaintiff is binding in this proceeding. As discussed above, Colorado courts have ruled that the doctrines of res judicata and collateral estoppel are applicable to agency rulings where the agency rendering the decision acted in a judicial capacity and resolved disputed issues of fact that the parties had an adequate opportunity to litigate.

Here the specific requirements for collateral estoppel are met because: (1) the probable cause issue in this case is identical to the issue actually litigated and necessarily adjudicated at the revocation hearing; (2) the plaintiff—against whom estoppel is sought—was a party to the prior proceeding; (3) the hearing officer's decision was a final judgment on the merits; and (4) the plaintiff had a full and fair opportunity to litigate the issue in the prior proceeding.

Thus the issue of probable cause no longer presents a question of fact for this court. Rather the hearing officer's decision is binding. Therefore, the plaintiff cannot assert a claim for relief under § 1983 against the defendant Doe.

Accordingly, IT IS ORDERED that:

(1) Defendant John Doe's motion for summary judgment is granted; and

(2) Plaintiff's complaint and this action as against the defendant John Doe are dismissed with prejudice.