Frances Marie WILLIAMS, a/k/a Francis Williams Smith

v.

Danny DIVITTORIA, et al.

Civ. A. No. 90–0491.

United States District Court, E.D. Louisiana.

March 21, 1991.

---

Otha C. Nelson, Sr., Baton Rouge, La., for plaintiff.

Scott G. Vincent, Cleveland, Barrios, Kingsdorf & Casteix, New Orleans, La., for defendants.

ROBERT F. COLLINS, District Judge.

Defendants, J. Edward Layrisson, Sheriff of Tangipahoa Parish, and Danny Divittoria, Deputy Sheriff, Parish of Tangipahoa, move this Court, pursuant to Rule 56 or alternatively Rule 12(b)(6) of the Federal Rules of Civil Procedure, for summary judgment dismissing the claims of plaintiff, Frances Marie Williams, under 42 U.S.C. § 1983 (1982). For reasons stated below the motion is DENIED IN PART AND GRANTED IN PART.

FACTS

The following facts are undisputed for purposes of this motion:

(1) On June 15, 1989, Norma Jean Divittoria, bus driver for the Independence Middle School, telephoned local law enforcement authorities and lodged a complaint against Frances Williams, alleging Williams had interfered with her attempts to pick up school children and had made threats to her.

(2) Officer Tony Aguado of the Independence Police Department and Deputy Divittoria of the Tangipahoa Parish Sheriff's Office responded to the disturbance call, located Williams and arrested her.

(3) Williams was taken to the Tangipahoa Parish Jail and charged with public intimidation pursuant to LSA–R.S. 14:122(5). She spent no more than two hours in custody.

(4) On June 26, 1989, Deputy Divittoria submitted a warrant application to Judge Anzalone of the 21st Judicial District Court of Louisiana. Judge Anzalone issued the warrant.

(5) On July 27, 1989, Williams filed a Motion for Preliminary Examination, wherein she sought a dismissal of the charges against her based on the alleged absence of probable cause. At the Preliminary Examination, Williams was represented by counsel. After the presentation of evidence and testimony, Judge Anzalone denied the relief sought, finding probable cause existed for the charges.

(6) On November 8, 1989, the date of Williams' trial, the charges were dismissed when the State's witnesses, who were not subpoenaed or notified, did not appear to testify.

(7) Sheriff Layrisson was not present at the scene of the incident which forms the basis of this litigation. Sheriff Layrisson did not participate in the arrest, incarceration and prosecution of Frances Williams, nor did he advise, assist, ratify or direct the Tangipahoa Parish District Attorney's Office concerning the prosecution of Frances Williams.

## I.

■ Williams brings false arrest and malicious prosecution claims under § 1983, alleging that she was arrested in bad faith and without probable cause by Officer Divittoria. Liberally construed, the plaintiff's complaint has stated a prima facie case based upon the Fourth Amendment's prohibition against unreasonable seizures. *Pierson v. Ray*, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967); *Landrigan v. City of Warwick*, 628 F.2d 736, 743 (1st Cir.1980); *Duriso v. K–Mart*, 559 F.2d 1274, 1277 (5th Cir.1977).

■ Defendants, however, argue that Williams has failed to properly state a § 1983 claim because Judge Anzalone's finding of probable cause at the Preliminary Examination on July 27, 1989 precludes relitigation of that issue. Defendants cite *Zanghi v. Inc. Village of Old Brookville*, 752 F.2d 42 (2d Cir.1985), and *Terrones v. Allen*, 680 F.Supp. 1483 (D.Colo.1988), to support their argument.[1] Both these cases hold that a plaintiff claiming a § 1983 violation based upon lack of probable cause to arrest will be collaterally estopped from raising the issue of probable cause where an administrative agency, acting in a judicial capacity, has previously found probable cause to exist. *Zanghi*, 752 F.2d at 46; *Terrones*, 680 F.Supp. at 1487–88.

■ In determining whether to give preclusive effect to a state court's judgment, a federal court is obligated to apply the preclusion rule of the state in which the judgment was rendered. *See* 28 U.S.C. § 1738 (1982); *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Gauthier v. Continental Diving Servs., Inc.*, 831 F.2d 559, 561 (5th Cir.1987). The question, then, turns on whether Louisiana courts would give preclusive effect to the Preliminary Examination. Louisiana courts, however, do not recognize "collateral estoppel." *Welch v. Crown Zellerbach Corp.*, 359 So.2d 154 (La.1978) (collateral estoppel or issue of preclusion does not exist in Louisiana law). Therefore, defendants' reliance on *Terrones* and *Zanghi*, both of which bar § 1983 suits by collateral estoppel, is improper.

■ For cases filed before January 1, 1991, Louisiana law recognizes, however, a limited version of res judicata, to which the defendants' argument is more properly addressed.[2] Civilian res judicata, as set out

---

**1.** Defendants state in their motion that both the *Zanghi* and *Terrones* decisions dictate preclusion on the grounds of res judicata, commonly known as "claim preclusion." However, in these two cases, the preclusion of § 1983 claims due to a previous determination of probable cause was predicated on the doctrine of collateral estoppel, known as "issue preclusion."

**2.** La.Rev.Stat. art. 13:4231 formerly read as follows:

The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.

The civilian view of res judicata was altered by the Louisiana State Legislature in Act 521 of the 1990 regular session. Effective Janu-

in La.Rev.Stat. art. 13:4231, applies only to issues actually raised for decisions by the parties and actually decided by the Court. Additionally, it requires the existence of three "identities" between the previous and subsequent suits: the thing demanded (relief) in the suits must be the same; the demands must be founded on the same cause; and the demands must be between the same parties. *Watts v. Graves,* 720 F.2d 1416, 1421 (5th Cir.1983); *see also* Comment, *Litigation Preclusions in Louisiana: Welch v. Crown Zellerbach Corp. and the Death of Collateral Estoppel,* 53 Tul.L.Rev. 875, 878–81 (1979). The absence of any one of these elements is fatal to an exception of res judicata; further, res judicata is *stricti juris,* and a second suit will not be barred where there is any doubt as to its applicability. *First Guar. Bank v. Durham,* 409 So.2d 380 (La.App. 4th Cir. 1982).

In *Watts,* the Fifth Circuit Court of Appeals considered whether to give res judicata effect to a plaintiff's § 1983 claim, which was based upon a Fourth Amendment violation, where the plaintiff had previously pled guilty to the criminal charge of distribution of a controlled substance in a Louisiana state court. While the Court centered on the fact that the state court had not actually considered the constitutionality of a search of the plaintiff's apartment, the Court specifically stated that the requisite identities of the parties and relief had not been fulfilled. *Watts,* 720 F.2d at 1422.

That is to say, the parties were not the same as between the criminal and civil suits, and the relief sought was not the same. Likewise, there is no identity of parties between the parties in the Preliminary Examination (the state and Williams) and this § 1983 suit (Williams and Officer Divittoria). Therefore, the defendants' res judicata argument must fail.

II.

■ Defendants next argue that the plaintiff has not alleged sufficient damages that would make her harm one of constitutional magnitude. Defendants cite *Johnson v. Moral,* 843 F.2d 846 (5th Cir.1988), and other authority,[3] for the "de minimus rule": that a plaintiff who alleges only a minor injury—such as the inconvenience and anguish associated with being incarcerated—has not alleged a harm of constitutional proportion and is simply relegated to a common-law tort action in state court. Upon close examination, *Johnson* and the defendants' other authority support the de minimus rule in *excessive force cases* and malicious prosecution cases where the Court determined that sufficient probable cause existed for an initial arrest. That is where the arresting officer had probable cause to arrest and where the arrestee alleged the officer had used excessive force or had maliciously prosecuted him, the arrestee did not state a § 1983 claim for minor injuries. *Johnson,* 843 F.2d at 847.

ary 1, 1991, the general rule stated in La.R.S. 13:4231 will be as follows:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment;

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action;

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any

subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

3. *Yaworski v. Pate,* 717 F.Supp. 624 (N.D.Ill. 1989) (malicious prosecution and excessive force claims under § 1983 dismissed for failure to allege deprivation of a constitutional magnitude); *Rodgers v. Lincoln Towing Serv., Inc.,* 771 F.2d 194 (7th Cir.1985) (where officers had adequate probable cause to arrest, plaintiff's 10½ hour detention was not of sufficient constitutional magnitude to support malicious prosecution and excessive force claims under § 1983); *Brown v. Patterson,* 823 F.2d 167 (7th Cir.1987) (where officer had probable cause to arrest, plaintiff's 48 hour detention did not reach constitutional magnitude for a § 1983 claim based upon the Fourth Amendment).

However, this Court has been unable to unearth any authority holding that a plaintiff who was arrested without probable cause could not recover under § 1983 for minimal injury. Where an arrest is accomplished without probable cause, the Fourth Amendment and § 1983 are necessarily triggered without regard to the amount of actual injury a plaintiff may have incurred.

### III.

 Defendant Layrisson, Sheriff of Tangipahoa Parish, urges this Court to dismiss the plaintiff's action against him. The plaintiff asserts that Sheriff Layrisson is vicariously liable for the alleged unreasonable seizure of her person by Officer Danny Divittoria. The plaintiff does not allege that Sheriff Layrisson was personally involved in the alleged § 1983 violation nor does the plaintiff contend that Sheriff Layrisson failed to properly supervise Officer Divittoria so as to constitute a pattern of activity designed to deprive Ms. Williams of her constitutional rights. In essence, the plaintiff brings an action for respondeat superior.

It is well established that § 1983 liability cannot be imposed under traditional principles of respondeat superior. *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Moreover, where the plaintiff has failed to allege that a sheriff was personally involved in the actions of his deputies or failed to act, such that his omission constituted a pattern of activity designed to violate the plaintiff's constitutional rights, there can be no liability put upon the sheriff; vicarious liability fails to state a claim. *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir.1980); *Baskin v. Parker*, 602 F.2d 1205, 1207–08 (5th Cir. 1979). Accordingly, plaintiff's claims against Sheriff Layrisson are DISMISSED.

Sheriff Layrisson also urges this Court to dismiss the plaintiff's Complaint against ABC Insurance Company, a fictitious insurance company. As defendant Layrisson correctly points out, ABC Insurance Company has not been served, nor has any appearance been made on behalf of ABC Insurance Company. Furthermore, defendant Layrisson is self insured, and there is no liability insurer providing liability coverage for the defendant or his deputies. The Complaint against ABC Insurance Company is hereby DISMISSED.

### CONCLUSION

Based on the foregoing, defendants' motion as it pertains to J. Edward Layrisson, Sheriff of Tangipahoa Parish, and ABC Insurance Company is GRANTED. These parties are now dismissed from the instant suit.

The motion as it pertains to Danny Divittoria, Deputy Sheriff, Parish of Tangipahoa, is DENIED. Mr. Divittoria remains a party defendant in this case.