Richard **KOESTER**, Plaintiff–Appellant,

v.

Michael **LANFRANCHI**, Eddie Ramos Jr., James Tsu, Salvatore J. Pagliaro, John J. Piccolo, S.B. Waite, also known as Summer B. Waite, United States Park Police, National Park Service, Department of the Interior, United States of America, Defendants–Appellees,

Charles Guddemi, Ian Crane, Christopher Pappas, Defendants.

No. 06–5814–cv.

United States Court of Appeals, Second Circuit.

Aug. 13, 2008.

David M. Schwartz, The Schwartz Law Firm, Brooklyn, NY, for Appellant.

Michael J. Goldberger, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, on the brief) for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellees.

PRESENT: Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Plaintiff Richard Koester, a former United States Park Police officer, sued the named defendants Park Police officers, United States Park Police, National Park Service, Department of the Interior, and United States of America (together, "defendants") pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, for various constitutional violations and torts arising from his arrest and prosecution on sexual abuse charges that were eventually dismissed.[1] Koester now appeals an award of summary judgment in favor of defendants, arguing that material issues of fact precluded dismissal of his false arrest, false imprisonment, ma-

---

1. Although Koester initially framed his constitutional claims under 42 U.S.C. § 1983, the district court treated them as filed pursuant to *Bivens* because defendants allegedly acted under color of federal law. The parties do not dispute this ruling.

licious prosecution, and abuse of process claims.[2]

We review an award of summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *accord Ollman v. Special Bd. of Adjustment No. 1063*, 527 F.3d 239, 245 (2d Cir.2008). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

For claims brought under the FTCA, we look to the law of the state in which the arrest occurred. 28 U.S.C. § 1346(b)(1) (establishing liability "in accordance with the law of the place where the act or omission occurred."). Similarly, state common law is helpful to our analysis of *Bivens* claims. *See Hartman v. Moore*, 547 U.S. 250, 258, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006).

### 1. *False Arrest/False Imprisonment*

■ Mindful that probable cause to arrest bars equally both New York and constitutional torts for false arrest or false imprisonment, *see Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996); *Zanghi v. Inc. Vill. of Old Brookville*, 752 F.2d 42, 45 (2d Cir.1985); *see also Jenkins v. City of New York*, 478 F.3d 76, 88 & n. 10 (2d Cir.2007), Koester submits that the district court erred in deciding the issue of probable cause as a matter of law. He contends that material factual disputes exist as to whether (1) the complainant was sufficiently credible to permit defendants to rely on her allegations of a sexual assault without further investigation, and (2) whether his

own words and actions supported adverse inferences. We disagree.

"[A]bsent circumstances that raise doubt as to the victim's veracity," a victim's report of a crime is generally enough, by itself, to establish probable cause. *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir.1995). Koester submits that his case falls within the quoted exception because various circumstances cast doubt as to whether the victim provided a credible account of a forced, rather than consensual, sexual encounter. He is wrong to suggest that defendants had to eliminate these doubts before reasonably relying on the victim's statement to arrest him. While probable cause requires more than a "mere suspicion" of wrongdoing, *Mallory v. United States*, 354 U.S. 449, 454, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957), its focus is on "probabilities," not "hard certainties," *Illinois v. Gates*, 462 U.S. 213, 231, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *accord Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir.2007). Thus, just as "a police officer is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest," *Martinez v. Simonetti*, 202 F.3d 625, 635 (2d Cir. 2000) (internal quotation marks and citation omitted); *accord Walczyk v. Rio*, 496 F.3d at 160, an officer is not required to eliminate every possible line of impeachment that might apply to a victim complainant, *see Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir.1989) (observing that arresting officers are "neither required nor allowed to sit as prosecutor, judge or jury"). This principle applies even when a police officer is presented with different stories from an alleged assault victim and the accused assailant. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir.2001)

---

**2.** To the extent Koester also sued for violations of First and Fifth Amendment rights and negligence, he does not challenge the dismiss-

al of these claims on appeal and, so, we deem them abandoned. *See Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir.2004).

(holding that police do not have to disprove accused's claim of innocence to rely on victim's account as probable cause for arrest). Thus, however a trial jury might assess the credibility of Koester's complainant when reviewing evidence to determine guilt beyond a reasonable doubt, the sole question here is whether, considering *all* facts known by the defendants, they had enough "reasonably trustworthy information ... to warrant a person of reasonable caution in the belief" that Koester had probably committed a crime. *Weyant v. Okst*, 101 F.3d at 852.

In this case, although Koester disputes the criminality of his encounter with the victim complainant, he does not dispute the facts known to the officers at the time of his arrest.[3] Under these circumstances, like the district court, we determine the issue of probable cause as a matter of law. *See Walczyk v. Rio*, 496 F.3d at 157 (and cases cited therein noting that question of what facts amount to probable cause is question of law for court). In doing so, we are mindful that "probable cause does not demand any showing that a good-faith belief be 'correct or more likely true than false.' It requires only such facts as make wrongdoing ... probable." *Id.* (quoting *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983)). Applying these principles to our *de novo* review, we conclude that Koester's arrest was supported by probable cause for exactly the same reasons as the district court.

**3.** The single exception is Koester's challenge to the officers' claim that, upon being taken to be interviewed, he raised his hands as though he expected to be arrested. Viewed against the record as a whole, this dispute is immaterial because, even if it were to be resolved in Koester's favor, it would not defeat probable cause in this case. *Cf. United States v. Canfield*, 212 F.3d 713, 718 (2d Cir.2000) (observing that, when warrant affidavit contains

### 2. *Malicious Prosecution/Abuse of Process*

■ Koester submits that the district court erred in failing to recognize that a disputed issue of fact regarding defendants' malice precluded summary judgment on his "closely allied" claims of malicious prosecution and abuse of process. *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) ("While malicious prosecution concerns the improper issuance of process, [t]he gist of abuse of process is the improper use of process after it is regularly issued." (internal quotation marks omitted) (alteration in original)). Koester asserts that malice could be inferred from defendants' (1) failure to disclose a purportedly exculpatory medical report, and (2) pre-existing determination to "get rid of him" as a result of certain work-related disputes. We are not convinced.

As to Koester's first argument, we agree with the district court that there is a critical difference between evidence presented to the grand jury by the district attorney—who is not a defendant in this case—and evidence presented to the district attorney by defendants. *Cf. Wray v. City of New York*, 490 F.3d 189, 193 (2d Cir.2007) (noting that it would be "unprecedented and unwarranted" to extend liability to an officer for "ill-considered acts and decisions of the prosecutor and trial judge"). Koester points to no evidence that any defendant failed to disclose the relevant medical report to the district attorney.[4] Insofar as he submits that such an infer-

some "erroneous information and material omissions," probable cause may nevertheless be found based on a "residue of independent and lawful information").

**4.** In his complaint, Koester alleged on information and belief that the hospital report was provided to both defendants and the district attorney's office.

ence might be drawn from the fact that a Park Police supplemental report does not disclose the hospital report's observation that some examining personnel "feel this is not rape," his argument fails at a fundamental level: no evidence indicates that the author of the report—who is not a named defendant—had knowledge of the hospital report statement.

As for Koester's second argument, the record reveals a critical disconnect between those defendants involved in investigating and arresting Koester for sexual assault and those allegedly involved in his prior work-related disputes. No evidence indicates that the actual investigating and arresting officers had any involvement in the work disputes. Moreover, the only two defendants with even an arguable connection to these work disputes played such minimal roles in Koester's arrest as to preclude any inference of a causal connection indicative of malice.

Because we conclude that plaintiff failed to demonstrate defendants' malice as a matter of law, we need not reach the question whether the non-defendant district attorney's failure to admit allegedly exculpatory evidence rebutted the presumption of probable cause established by Koester's indictment. Further, because we conclude that Koester's constitutional claims are without merit, we need not and do not reach the question of defendants' entitlement to qualified immunity.

For the foregoing reasons, the award of summary judgment in favor of defendants entered on December 1, 2006, is AFFIRMED.