*7 SUMMARY ORDER
Plaintiff-Appellant James Rutigliano was arrested after police responded to a 911 call placed by eyewitnesses who saw him involved in a violent altercation with a woman on a New York City street. The officers who arrived at the scene searched Rutigliano and discovered, in his shoulder bag, boxes of pills labeled “Lexapro.” The officers believed these to be a controlled substance, seized them, and arrested Ru-tigliano for possession of a controlled substance. After approximately twelve hours of detention, and a two-minute arraignment the following morning, where Rutig-liano’s psychiatrist confirmed that Lexapro is an anti-depressant for which Rutigliano had a valid prescription, the charges for possession of a controlled substance were dismissed and Rutigliano released.
Rutigliano thereafter filed an action under 42 U.S.C. § 1983 and the New York State Constitution, alleging, inter alia, false imprisonment, malicious prosecution, illegal seizure of property, and failure to supervise. Defendants moved for dismissal under Rule 12, and, after converting the motion, in part, to one for summary judgment, the United States District Court for the Southern District of New York (Ra-koff, J.) granted the motion. Rutigliano appeals. We affirm.
With respect to the claims dismissed pursuant to Rule 12(c), our review is de novo and “we accept all allegations in the complaint as true, draw all inferences in favor of the plaintiff, and affirm only if the plaintiff fails to provide factual allegations sufficient to raise a right to relief above the speculative level.” In re Ades and Berg Group Investors, 550 F.3d 240, 243 n. 4 (2d Cir.2008). With respect to claims dismissed under Rule 56(c), we determine de novo whether or not there is a genuine issue of material fact that would preclude summary judgment. Fed.R.Civ.P. 56(c); Russo v. City of Bridgeport, 479 F.3d 196, 203 (2d Cir.2007). In doing this, we review the evidence in the light most favorable to the non-moving party (here, Rutig-liano). McCarthy v. American Int’l Group, Inc., 283 F.3d 121, 123 (2d Cir.2002).
Rutigliano’s first claim is that he was falsely imprisoned during the twelve hours before his arraignment. Under New York law, a claim of false imprisonment requires a showing “that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged.” Martinez v. City of Schenectady, 97 N.Y.2d 78, 85, 735 N.Y.S.2d 868, 761 N.E.2d 560 (2001). The elements of a false imprisonment claim under federal law are substantially the same as under New York law. Russo v. City of Bridgeport, 479 F.3d 196, 204 (2d Cir.2007) (“As in the case of false arrest, we look to ... state law principles to determine the validity of [a plaintiffs] federal civil rights claim based on false imprisonment.”).
Defendants respond — and the District Court held — that they cannot be held liable for false imprisonment in this case because probable cause is an affirmative defense to false imprisonment, and such probable cause existed here. We have held that “a finding of probable cause will defeat [New York] state tort claims for ... false imprisonment,” Zanghi v. Incorporated Village of Old Brookville, 752 F.2d 42, 45 (2d Cir.1985) (internal quotation marks omitted), and hence § 1983 false imprisonment claims premised on New York law. An officer has probable cause to arrest when he or she has “knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution *8 in the belief that the person to be arrested has committed or is committing a crime.” Weyant v. Okst, 101 F.3d 845, 852 (2d Cir.1996).
Rutigliano does not dispute that he became involved in a violent altercation with a woman on the street during which he “pushed her,” “wrestled with her,” “threw her down on the ground,” was “holding her fists,” and “yelled repeatedly” at her. Accordingly, as the District Court properly noted, “[f]rom Rutigliano’s sworn examination, it is clear that the police had probable cause to arrest Rutigliano on 14th Street for various offenses, including, for example, Reckless Endangerment in the Second Degree.”
Rutigliano nevertheless asserts that the police lacked probable cause to arrest him on the drug offense, which he argues, correctly, was the purported basis of his detention. This argument is unavailing. Supreme Court precedent “make[s] clear that an arresting officer’s state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause.” Devenpeck v. Alford, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004) (citing Whren v. United States, 517 U.S. 806, 812-13, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)). New York law is in accord. Jenkins v. City of New York, 478 F.3d 76, 88 (2d Cir.2007) (“Similar to the federal doctrine, if, when the facts are construed in favor of the plaintiff, the officer’s probable cause determination was objectively reasonable, the court under New York law should dismiss the plaintiffs false arrest claim at the summary judgment stage.”). Building on this principle, the Supreme Court has clarified that an officer’s “subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.” Devenpeck, 543 U.S. at 153, 125 S.Ct. 588; see also id. (rejecting, the “rule that the offense establishing probable cause must be ‘closely related’ to, and based on the same conduct as, the offense identified by the arresting officer at the time of arrest”).
Following Devenpeck, our Court has held that “a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest.” Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir.2006); see also Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir.2007) (“[A]n arrest is not unlawful so long as the officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to provide probable cause to believe that the person arrested has committed any crime.”). Because there was probable cause to arrest Rutigli-ano for his violent altercation with the woman, we need not consider whether there was also probable cause on the drug allegations.
Rutigliano’s claim for malicious prosecution fails as well. A claim for malicious prosecution in New York requires a plaintiff to show “(1) that the defendant commenced or continued a criminal proceeding against [the plaintiff]; (2) that the proceeding was terminated in the plaintiffs favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice.” Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir.2003). Rutigliano’s state claim fails because, although Officer Velez’s sworn statement that Rutigliano had been found with a controlled substance in his possession was incorrect, Rutigliano has failed to plead facts sufficient to suggest that it was “knowingly and maliciously false.” White v. Frank, 855 F.2d 956, 962 (2d Cir.1988). To sustain a § 1983 malicious prosecution *9 claim, the state law elements must be met, and there must also be a showing of a “sufficient post-arraignment liberty restraint to implicate the plaintiffs Fourth Amendment rights.” Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir.2000). Because Rutigliano’s state claim fails, and because, having been released within minutes of the beginning of his arraignment, he has failed to plead facts indicating a “sufficient post-arraignment liberty restraint,” his § 1988 malicious prosecution claim was appropriately dismissed.
Finally, Rutigliano argues that the City of New York should be held liable on a theory of municipal liability. Rutigliano correctly points out that we have held “a municipality may be found liable under § 1988 even in the absence of individual liability.” Barrett v. Orange County Human Rights Comm’n, 194 F.3d 341, 350 (2d Cir.1999). This is true, but only in very special circumstances. The rule we articulated in Barrett applies where “the combined acts or omissions of several employees acting under a governmental policy or custom may violate those rights.” Id. (internal quotation marks omitted). Rutigliano has not alleged any such “combined acts or omissions of several employees acting under a governmental policy or custom.” Accordingly, the District Court was correct in saying that his particular “theory of municipal liability” required a showing that one or more individual officers had violated his rights.
We have considered all of Rutigliano’s other arguments and find them meritless. We therefore AFFIRM the decision of the District Court.