556 P.2d 488 (1976)
Ted John JOHNSON, Jr., Plaintiff-Appellant,
v.
MOTOR VEHICLE DIVISION, DEPARTMENT OF REVENUE, State of Colorado, Defendant-Appellee.
No. 76-023.
Colorado Court of Appeals, Div. III.
August 26, 1976.
Rehearing Denied September 16, 1976.
Certiorari Denied November 22, 1976.
*489 Richard H. Duke, Denver, for plaintiff-appellant.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Arthur G. Staliwe, Sp. Asst. Atty. Gen., Denver, for defendant-appellee.
Selected for Official Publication.
STERNBERG, Judge.
Pursuant to the implied consent statute, now § 42-4-1202(3), C.R.S.1973, the defendant Department revoked plaintiff Johnson's *490 drivers license for a period of six months. He sought review in the district court which upheld the revocation. On appeal to this court, we affirm.
Shortly after midnight on January 29, 1975, an agent of the Lakewood Department of Public Safety noticed a vehicle stopped "dead center in the eastbound through lane" of West Jewell Avenue. The officer approached the vehicle and saw Johnson behind the wheel attempting to start it. Upon noticing a strong odor of alcohol, the officer gave Johnson a field sobriety test which he failed. The officer then advised Johnson of his rights under the implied consent law pursuant to the statute and requested that he take a chemical test. Johnson refused and suspension proceedings ensued.
On appeal, Johnson's first contention is that the Department did not have jurisdiction to revoke his license under the implied consent statute. He argues that before a police officer may request a driver to submit to a test, the driver must first have committed an offense relating to the operation of a motor vehicle, separate and distinct from the offense of driving while under the influence of or impaired by alcohol. We find no merit in this contention.
The applicable portion of § 42-4-1202(3)(a), C.R.S.1973, provides that:
"Any person who drives any motor vehicle upon a public highway in this state shall be deemed to have given his consent to a chemical test . . ., if arrested for any misdemeanor offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while under the influence of, or impaired by, alcohol. . . ."
We read no requirement into the statute that there be both a driving violation and evidence of operating a vehicle while under the influence of or impaired by alcohol. Rather, under this statute, an officer may make an arrest of one who commits a moving violation and then, if he has probable cause to believe that the person is driving under the influence of alcohol can request that the driver take a chemical test, even though he is not under arrest at the time for driving under the influence. On the other hand, as here, the officer may, in the first instance, arrest the suspect for driving while under the influence and then request a test be taken. Cf. Vigil v. Motor Vehicle Division of Dep't of Revenue, 184 Colo. 142, 519 P.2d 332 (1974).
Moreover, the presence of Johnson's vehicle stopped in the traveled portion of a public street constituted as appropriate a ground to require the officer's attention to Johnson, as would have Johnson's commission of a moving traffic violation.
Johnson next contends that because citations of statutes in the proceedings befor the Department related to the 1963 statutory compilation and not the Colorado Revised Statutes of 1973, the order of revocation is void. We find no merit in this argument.
Section 2-4-208, C.R.S.1973, provides that:
"A statute which is reenacted, revised or amended is intended to be a continuation of the prior statute and not a new enactment, insofar as it is the same as the prior statute."
No significant changes exist between the earlier statute, 1971 Perm.Supp., C.R.S. 1963, § 13-5-30(3), which was referred to in the proceedings before the Department, and the current statute. Thus, while the convenience of all concerned might better be served by citation of the most recent compilation, failure to do so is not fatal to the suspension proceedings. See also § 2-4-209, C.R.S.1973.
Johnson also urges that the police officer did not have reasonable grounds to conclude that he was intoxicated, that since the proceedings at the roadside took no more than 15 minutes he was not afforded sufficient time to make a proper decision, and that it was improper to infer from Johnson's presence in the driver's seat of the stopped vehicle that he had been driving. We find these contentions to be without merit.
*491 With regard to these contentions we observe that proceedings under the implied consent law are civil in nature. See Campbell v. State, 176 Colo. 202, 491 P.2d 1385 (1971). Here the evidence indicated that the odor of alcohol was present, and that Johnson was unable to touch his nose or walk a straight line during the roadside sobriety test. This was sufficient basis under which the police officer might infer intoxication and request Johnson to undergo a chemical test.
Similarly, the evidence does not substantiate Johnson's contention that he was pressured to make a decision with no reasonable time to understand what he was doing, and thus the 15 minute roadside proceedings did not deny Johnson due process of law.
Finally, the inference drawn by the police officer that one seated behind the wheel of, and attempting to start, a vehicle stopped in a highway travel lane, was a driver thereof, was not inappropriate, and served as an adequate basis for the officer to proceed pursuant to the implied consent statute.
Judgment affirmed.
BERMAN and VanCISE, JJ., concur.