**Robert Lee McCAMPBELL, Plaintiff-Appellant,**

v.

**Alan N. CHARNES, Executive Director of the Department of Revenue of the Motor Vehicle Division, State of Colorado, Defendant-Appellee.**

**No. 80CA0605.**

Colorado Court of Appeals,
Div. II.

March 26, 1981.

---

1. This section has been repealed and re-enacted as § 1–3–106, C.R.S.1973 (1980 Repl.Vol. 1B), effective January 1, 1981.

Rose L. Volino and Edward L. Kirkwood, Denver, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Roger M. Morris, Asst. Atty. Gen., Denver, for defendant-appellee.

VAN CISE, Judge.

Robert Lee McCampbell (licensee) appeals the judgment of the district court affirming the three month revocation of his driver's license by the Department of Revenue pursuant to the implied consent law, § 42-4-1202, C.R.S.1973. We affirm.

At the hearing before the Department, the evidence was that on August 23, 1979, in the early morning, Officer Bell at the Aurora Police Department observed licensee slumped over the steering wheel of an automobile which was parked on the street. The engine was running. When Bell attempted to question licensee, it took approximately five minutes for Bell to awaken him. Licensee's breath and person exuded a strong odor of alcohol.

Bell asked him to step out of the automobile and produce his driver's license. He stumbled out of the automobile, open up his billfold from the bottom, and dropped all his credit cards. After about five minutes, licensee produced his driver's license. Bell warned him not to drive and advised him to continue sleeping it off. Licensee agreed to do that, and Officer Bell drove away.

Moments later licensee drove past Bell, at which point licensee was arrested for driving under the influence of alcohol. Licensee was taken to the Aurora Police Department and the advisement was filled out by Bell. Licensee was provided a copy of the advisement which was read to him by Bell, and Bell asked him if he wished to take a blood or breath test for alcohol. Licensee refused to take such tests.

Licensee, after refusing a blood test for alcohol, called his attorney in the presence of Bell. At the hearing, Bell testified that he did talk with the attorney on the telephone at that time, but could not remember the specifics of that conversation. Bell spoke with the attorney only after licensee had spoken on the telephone to her. Bell testified that after speaking with her on the telephone, he could not recall any other transactions between himself and licensee.

Licensee testified that when Bell first approached him, he was asleep in his automobile with the engine off. After being arrested and while at the Aurora Police Department, he was advised by his attorney on the telephone to take the blood alcohol test. Licensee testified that he handed the telephone to Bell after receiving this advice. Licensee testified that after Bell spoke with the attorney, Bell did not renew his request that licensee submit to a blood alcohol test.

At the hearing, the attorney offered to state under oath that she spoke with Bell on the telephone on August 23, 1979, and told Bell that she wanted licensee to take a blood alcohol test.

The hearing officer ruled (1) that Bell had reasonable grounds to believe that licensee operated a motor vehicle under the influence of alcohol at the time he first made contact with licensee, (2) that Bell's

contacting licensee a short while later (while licensee was driving down the street) would be reasonable grounds to request a chemical blood alcohol test, (3) that licensee was properly advised pursuant to law, (4) that licensee refused a blood test, and (5) that Bell was not required to re-offer the blood test to licensee merely because his attorney wanted Bell to do so. The hearing officer ordered licensee's license revoked for three months.

The district court affirmed the order of the Department.

## I.

Relying on *Zahtila v. Motor Vehicle Division*, 39 Colo.App. 8, 560 P.2d 847 (1977), licensee contends that he substantially complied with the requirements of the implied consent law by offering or agreeing, through his attorney, to take the required test, notwithstanding his prior refusal. We do not agree.

 The licensee in *Zahtila*, after conferring with his attorney, advised the officer that he would submit to any of the blood alcohol tests. In the instant case, accepting the offer of proof as evidence, the attorney told the arresting officer she wanted her client to take the test, but, even after talking to his attorney, licensee did not tell the officer that he had changed his mind and would consent to take the test. Therefore, the initial refusal remained unchanged.

## II.

Licensee also contends that he was denied due process because of the variance between the written advisement (engine off) and the testimony of the arresting officer (engine on). He argues that whether licensee's car engine was turned off or was running at the time of the initial contact is vital to the question of "reasonable grounds to believe." Again, we disagree.

 Whether, on the initial contact, licensee's car engine was on or off is of little consequence here. The facts stated in the form, all supported by the evidence, that licensee strongly smelled of alcohol, that he

almost fell when walking to the curb, and that he had trouble opening his wallet for his license, indicated that he was under the influence. *See Johnson v. Motor Vehicle Division*, 38 Colo.App. 230, 556 P.2d 488 (1976). And when, as set forth in the advisement, licensee was observed driving and was stopped by the officer, driving under the influence was established for purposes of reasonable grounds.

The hearing officer was the judge of witness credibility. His findings, being supported by competent evidence, are binding on this court on appeal. *Dolan v. Rust*, 195 Colo. 173, 576 P.2d 560 (1978).

Judgment affirmed.

ENOCH, C. J., and PIERCE, J., concur.