Rudy Bunny MARQUEZ,
Plaintiff-Appellee,

v.

Alan CHARNES, Director of Department of Revenue, Motor Vehicle Division, State of Colorado, Defendant-Appellant.

No. 81CA0034.

Colorado Court of Appeals,
Div. I.

July 9, 1981.

Jon P. Lozow, Denver, for plaintiff-appellee.

J. D. MacFarlane, Atty. Gen., Richard E. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Richard H. Forman, Asst. Atty. Gen., Denver, for defendant-appellant.

COYTE, Judge.

The director of the Department of Revenue appeals the trial court judgment directing reinstatement of plaintiff's driver's license. We reverse.

Plaintiff refused to take a chemical test in accordance with the implied consent law. The advisement form stated that plaintiff was driving a motor vehicle on a public highway, that he had bloodshot, watery eyes, a strong odor of alcohol on his breath, and his speech was slurred. When asked to perform a roadside sobriety test, he was unable to do so satisfactorily. There was no explanation in the advisement form as to why plaintiff was stopped in the first instance.

■ We hold that it is not necessary for the officer to set out the reason on the advisement form for stopping the driver. He is only required to give the reasons for believing the driver to be under the influence of alcohol. Thus, there is no merit to plaintiff's contention that the officer could not testify as to his reasons for stopping plaintiff.

Section 42-4-1202(3)(b), C.R.S. 1973, requires that a driver must be informed orally and in writing of his legal rights and also provides that "such notice shall also state the circumstances on which he [the arresting officer] relies as reasonable grounds for believing the arrested person was under the influence of alcohol."

■ Construing this notice requirement, this court, in *Lucero v. Charnes*, Colo.App., 607 P.2d 405 (1980), held that the advisement form must contain the officer's reasons for believing a driver was under the influence of alcohol and that the officer could not later supplement those reasons by testimony at the implied consent hearing.

There is no statutory barrier to the officer testifying as to his reason for stopping the motorist even though such reason is not set forth in the advisement form. *See*

*Johnson v. Motor Vehicle Division*, 38 Colo. App. 230, 556 P.2d 488 (1976).

Accordingly, since the only basis for reinstating plaintiff's driver's license was that the officer did not write on the advisement form his reasons for stopping plaintiff in the first instance, yet was allowed to testify as to why he stopped plaintiff, the judgment of the trial court reinstating plaintiff's driver's license is reversed and the cause is remanded to the trial court with directions to affirm the decision of the hearing officer revoking plaintiff's driver's license.

PIERCE and STERNBERG, JJ., concur.