Jesse **GONZALES**, Plaintiff-Appellee,

v.

**COLORADO DEPARTMENT OF REVE-NUE, and Alan Charnes, Executive Director of said department, Defendants-Appellants.**

**No. 84CA0393.**

Colorado Court of Appeals,
Div. I.

Oct. 23, 1986.

Harry J. Holmes and Carol J. Huber, Longmont, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen. and Anthony S. Trumbly, Asst. Atty. Gen., Denver, for defendants-appellants.

ENOCH, Chief Judge.

The Department of Revenue (Department) appeals the district court judgment reinstating the driver's license of plaintiff, Jesse Gonzales. We reverse.

The main issue on appeal is: Once plaintiff agreed to submit to a blood test, and then later refused the test, who had the burden of offering or requesting a breath test? We hold that plaintiff had the burden of requesting such a test.

On November 1, 1982, plaintiff was arrested for and charged with driving under the influence of alcohol. At the police station, one of the arresting officers read to plaintiff an advisement pursuant to the then applicable version of the implied consent statute, Colo.Sess.Laws 1982, ch. 166, § 42–4–1202(3)(a), in which the plaintiff was offered the choice of a blood or breath test. Plaintiff requested a blood test and the officer took him to a hospital.

At the hospital, plaintiff refused to sign the hospital's waiver of liability form. He would not let hospital personnel perform a blood test, and the officer testified that plaintiff said, "he was sorry he couldn't let them take his blood, as he had his health to worry about."

The officer then took plaintiff back to the station, and advised him that he was going to fill out an affidavit stating that plaintiff had refused to submit to a blood test. The officer testified that plaintiff then said, "he was sorry that he wasn't going to let anybody take his blood." In response to questions by the officer, plaintiff stated he understood his license could be revoked, but still did not want to submit to the test. The officer then filled out the affidavit.

As to the issues on appeal, defendant's testimony was that he did not refuse to take the blood test, and after the hospital incident he said, "[The officer] wouldn't let me take a breathalyzer."

The hearing officer, as part of her findings, determined that: "[T]he advisement pursuant to the Implied Consent Law was properly given and *blood and breath* test requested." (emphasis added) She also found that plaintiff's refusal to sign the waiver did not necessarily constitute a refusal to take the blood test, but that plaintiff's subsequent statements did constitute such refusal. She therefore revoked plaintiff's driver's license.

On review, the district court reversed and remanded, with instructions to reinstate plaintiff's license. It agreed with the hearing officer's conclusion that plaintiff had refused to take a blood test, but disagreed with her finding that plaintiff was requested to take a breath test, concluding that because plaintiff was not offered a breath test by the officer after the blood test was refused, the revocation was improper.

We agree that plaintiff's conduct and statements amounted to a refusal. *See Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560 (1978). However, there was no evidence to

support the hearing officer's conclusion that a breath test was also offered and refused. The only evidence presented to establish that a breath test had been offered to plaintiff after his refusal to submit to the blood test was an affidavit of one of the arresting officers. It stated merely that the officer had initially read and explained an advisement to plaintiff, informing him of his rights and duties under the implied consent statute and requesting plaintiff to submit to a chemical test of his blood *or* breath for the purpose of determining the alcohol content of his blood.

Inasmuch as the affidavit does not state which test was offered, it alone cannot be the basis of a finding that a breath test was actually offered to plaintiff. It only supports a conclusion that a choice of the tests was offered.

 Nevertheless, the Department contends that the implied consent provision in effect at the time pertinent here, Colo.Sess. Laws 1982, ch. 166, § 42–4–1202(3)(a), does not require an arresting officer to offer a driver a breath test once the driver has consented to but later refused to submit to a blood test. It argues that if the driver initially consents to submit to the blood test but later revokes his consent, the burden of requesting the alternative chemical test is on the driver. We agree.

In *McCampbell v. Charnes*, 626 P.2d 762 (Colo.App.1981), we held that once a driver informs the police officer of his refusal to take a blood test, the burden is on the driver to tell the officer he has changed his mind and will consent to take a blood test. As in *McCampbell*, the officer here informed plaintiff of his rights and duties under the implied consent statute. Hence, under the circumstances presented in which plaintiff initially agreed to submit to the blood test requested by the officer, but then refused that test, we hold that it became the obligation of plaintiff to tell the officer that he was willing to submit to an alternative test.

Because of this conclusion, we do not reach the Department's other contentions.

The district court judgment reinstating plaintiff's license is reversed. However, because the testimony as to whether plaintiff requested that he be given a breath test is disputed, and because the hearing officer did not make a finding as to whether plaintiff requested that test, the cause is remanded to the district court for remand to the hearing officer for such a determination. If the hearing officer determines that plaintiff did request that he be given the breath test after he refused the blood test, and that the breath test was not given, then plaintiff's license should be reinstated. If, however, it is determined that plaintiff did not make this request, the original order of revocation should be reinstated.

VAN CISE and BABCOCK, JJ., concur.