THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDY L. BROWN, Defendant-Appellant.

Second District No. 2—87—1142

Opinion filed October 28, 1988.—Rehearing denied November 21, 1988.

Law Offices of Cynthia R. Lyons, of Naperville (Cynthia R. Lyons, of counsel), for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:
Defendant was arrested on September 26, 1986, and charged with the offense of driving under the influence of alcohol pursuant to section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501).

Prior to trial, the State went forward with a petition to revoke supervision with respect to defendant's prior 1985 DUI conviction. Af-

ter a full evidentiary hearing as to the subsequent 1986 arrest, the trial court granted the State's petition to revoke supervision. Defendant appeals. We affirm.

On September 26, 1986, at approximately 3:50 in the morning, Naperville police officers Cunningham and Gustin were on routine patrol doing business checks at the Naperville Plaza Shopping Center. Officer Cunningham testified that his attention was drawn to defendant's vehicle because it had its parking lights on. The car was parked across from a drinking establishment called Benjamin's. When the officers approached the vehicle they noticed that the interior dash lights were on, that the radio was on, and that there were keys in the ignition. Defendant was slumped over the steering wheel on the driver's side of the car. The engine of the vehicle was not running. Officer Gustin had to shake defendant on his shoulder to wake him up. The officer observed that defendant had vomited on his clothing and also observed a strong odor of alcoholic beverage on defendant's breath. When asked what he was doing there, defendant stated that he had fallen asleep. The officers administered field sobriety tests to defendant and, based on their opinion of defendant's demeanor and performance on the tests, arrested him for DUI. Officer Gustin stated that the key was in the on position and the dashboard lights were illuminated. Officer Gustin also testified that he put his hand on the hood of the car and it felt warm.

Defendant testified that at the time of the arrest, he was living with his parents, two blocks away from the shopping center. He further testified that he arrived at Benjamin's at approximately 10 p.m. the evening before the arrest. After about 45 minutes, defendant encountered Nancy Markham in the bar. He testified that during the time he was in the bar he played darts and had a few beers. He also testified that he left the bar with Nancy and went with her to Corporate Headquarters, a bar south of Naperville in Will County. Defendant testified that Nancy drove them in her car and that his car remained in the same place that he parked it when he arrived at Benjamin's earlier that evening. Defendant testified that he remained at Corporate Headquarters for about one hour, after which he and Nancy drove to Elmwood School parking lot, where they talked for a while. Nancy then drove him back to his car, which had remained parked in Benjamin's parking lot. Defendant testified that he got out of his car, put his seat back, rolled down the windows, and then threw up. He testified that he decided not to drive and that he went to sleep after putting the seat in a reclining position. Defendant further testified that the windows in his car were electric and that the key is

needed to operate the windows. Defendant also stated that he did not believe that the key was in the on position as the officer stated, but that it was in the accessory position.

Nancy Markham testified that she arrived at Benjamin's at approximately 8 p.m. that evening and stayed there until 1 a.m. when it closed. She testified that she then drove in her car with defendant to Corporate Headquarters outside of Naperville. She further testified that they stayed there approximately one half hour to an hour and that they then went to Elmwood School parking lot where they talked for about 20 minutes. Markham testified that she then went back to Benjamin's and dropped defendant off by his car. Markham further stated that she never saw defendant operate his vehicle in any way that evening.

The parties stipulated that defendant was administered a breathalyzer test on September 26, 1986, and that the result of that test was .19.

The trial court found that the facts were sufficient to prove that defendant was in control of the vehicle by a preponderance of the evidence. The trial court then revoked defendant's supervision.

On appeal, defendant contends that to be convicted of DUI, defendant must be proved to have driven or attempted to drive. We disagree.

Section 11—501 states:

"A person shall not drive or be in actual physical control of any vehicle within this State while:

(1) The alcohol concentration in such person's blood or breath is 0.10 or more based on the definition of blood and breath units in Section 11—501.2;

(2) Under the influence of alcohol ***." Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501(a)(1), (a)(2).

■■ Defendant goes on at great length to argue that "driving" and "actual physical control" are not the same thing. Defendant further appears to contend that the language of section 11—501, "actual physical control," means attempted driving. We agree with defendant that driving and actual physical control are not the same. However, we disagree with defendant as to the meaning of "actual physical control." Whereas driving would appear to require defendant to be in actual physical control, actual physical control does not require evidence that defendant drove or even attempted to drive. "Actual physical control of a vehicle requires only that one is behind the steering wheel in the driver's seat with the ignition key and physically capable of starting the engine and moving the vehicle." (*People v. Heimann*

(1986), 142 Ill. App. 3d 197, 199; see also *People v. Karjala* (1988), 172 Ill. App. 3d 871, 872; *People v. Barlow* (1987), 163 Ill. App. 3d 281, 287.) In *Barlow*, the court found evidence that the defendant was in the driver's seat and keys were in the ignition was sufficient to have reasonable grounds to believe the defendant was in actual physical control. (*Barlow*, 163 Ill. App. 3d at 287.) Similarly, we find that such evidence is sufficient to prove actual physical control.

██ Defendant was asleep at the time that the officers approached his vehicle. Nevertheless, the evidence adduced at the hearing indicated that the key had been put in the ignition and turned to the on position and that defendant was in the driver's seat. This is sufficient evidence to make it reasonable to conclude that defendant was in actual physical control of the vehicle before the police arrived. We therefore affirm the decision of the trial court.

While it may be preferable, as defendant argues, for an intoxicated individual to seek refuge in his car as opposed to driving it (see *People v. Guynn* (1975), 33 Ill. App. 3d 736, 739), the legislature has made driving while intoxicated and being in actual physical control while intoxicated equally culpable. We are therefore constrained to affirm the decision of the trial court.

Affirmed.

LINDBERG, P.J., and UNVERZAGT, J., concur.