**David W. CAPLE, Plaintiff–Appellee,**

v.

**DEPARTMENT OF REVENUE OF the STATE OF COLORADO, MOTOR VEHICLE DIVISION, Defendant–Appellant.**

No. 90CA0456.

Colorado Court of Appeals, Div. IV.

Dec. 20, 1990.

Wyatt and Martell, Martin J. Heffernan, Fort Collins, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Thomas D. Fears, Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Judge DAVIDSON.

The Department of Revenue appeals from the district court judgment reversing its revocation of the driver's license of plaintiff, David W. Caple, for refusing to submit to testing as required by the express consent statute. The sole issue on appeal is whether plaintiff was "driving" within the meaning of the express consent statute. We conclude that plaintiff was driving and, therefore, reverse and remand.

The essential facts are not in dispute. At approximately 1:45 a.m. on October 6, 1989, a police officer found plaintiff alone in his vehicle in a parking lot of a bar. Plaintiff was behind the wheel of his car, either passed out or asleep, seated in the driver's seat with his seat belt fastened. The engine was not running, but the keys were in the ignition, turned to the on position, and the dash lights were illuminated and the radio was on. According to plaintiff, he "went out to make sure the car was locked."

Plaintiff was subsequently arrested for driving under the influence of alcohol. Although he initially agreed to submit to a blood test, plaintiff eventually refused to sign a consent form for the withdrawal of the blood sample at the hospital and was thereupon deemed to have refused to submit to testing.

At the revocation hearing, the hearing officer found that plaintiff was in control of his vehicle and was thereby "driving" at the time he was contacted by the police officer. The hearing officer further found that plaintiff's refusal to sign the consent form constituted a refusal to submit to testing as required by the express consent statute, and plaintiff's driver's license was therefore revoked.

On review, the district court reversed the revocation, ruling that the evidence was insufficient to support the finding that plaintiff was driving at the time he was contacted. Relying upon *Motor Vehicle Division v. Warman*, 763 P.2d 558 (Colo. 1988), the court found that plaintiff had not exercised "actual physical control" of his car. Specifically, the court reasoned that because the car was parked in a parking lot and the engine was not running, the car had not "been moving or [been] in a position of recent operation."

On appeal, the Department of Revenue contends that the hearing officer's finding that plaintiff was driving at the time he was contacted by the police officer is supported by competent evidence in the record. We agree.

■ The definition of "driving" for purposes of the express consent statute means to exercise "actual physical control" of a motor vehicle. *Motor Vehicle Division v. Warman, supra; see* § 42–1–102(22), C.R.S. (1990 Cum.Supp.). Contrary to the conclusion of the district court, "actual physical control" of a car does not require it to have been moved. *Brewer v. Motor Vehicle Division*, 720 P.2d 564 (Colo.1986). "We [have] rejected the argument that the term driving should be limited to 'placing and controlling a vehicle in motion.'" *Motor Vehicle Division v. Warman, supra.*

■ Plaintiff argues, however, that even if a driver need not have moved his vehicle

to be in "actual physical control" of it, the crucial fact in *Warman* was that the vehicle's engine was running. Consequently, because it is undisputed here that the engine was not running, plaintiff argues that the district court's conclusion was correct. We do not agree.

In *Motor Vehicle Division v. Warman, supra,* our supreme court held that a person who places himself or herself behind the steering wheel of a car with the engine running is in actual physical control of the vehicle "since the vehicle can be put in motion by minimal physical activity." Accordingly, in our view, the significance of the fact that the engine was running, is that, with an intoxicated person at the wheel, a car could quickly become a dangerous instrumentality. As the *Warman* court noted: "[w]hile a stationary automobile with its engine running is obviously less dangerous than a moving vehicle, it by no means can be considered a harmless object."

Similarly, here, although the motor was not running, plaintiff was seated behind the steering wheel with the seat belt fastened, the key was in the ignition, and the ignition switch was turned to the "on" position. It would have taken little effort by plaintiff to have put the car in motion. Therefore, we conclude that the evidence in the record is sufficient to support the hearing officer's finding that, under the circumstances in which he was found by the police officer, plaintiff was "driving" for purposes of the express consent statute. *See Motor Vehicle Division v. Warman, supra; People v. Brown,* 175 Ill.App.3d 676, 125 Ill.Dec. 156, 530 N.E.2d 74 (1988); *see also Johnson v. Motor Vehicle Division,* 38 Colo.App. 230, 556 P.2d 488 (1976); *see generally* Annot., 93 A.L.R.3d 7 (1979).

Accordingly, as the revocation is supported by substantial evidence in the record as a whole, the judgment is reversed, and the cause is remanded to the district court with directions to reinstate the order of revocation.

CRISWELL and MARQUEZ, JJ., concur.