The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jackie Arthur VanMATRE, Defendant–Appellant.

No. 05CA2386.

Colorado Court of Appeals, Div. III.

Feb. 7, 2008.

Certiorari Denied Aug. 4, 2008.

John W. Suthers, Attorney General, Matthew D. Grove, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Shann Jeffery, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge HAWTHORNE.

Defendant, Jackie Arthur VanMatre, appeals the judgments of conviction entered upon jury verdicts finding him guilty of aggravated driving with a revoked license, driving under the influence, and driving without insurance. He also appeals the sentence imposed. We affirm.

## I. Background

In February 2004, a citizen made a report to a state police trooper regarding a vehicle in a dirt parking area several hundred feet from a gas station. When the trooper arrived, he saw defendant sitting in the driver's seat of a vehicle, drinking a forty-ounce can of beer. As the trooper walked towards the vehicle, defendant attempted to start the engine. The trooper told defendant to turn off the vehicle, removed the keys, and arrested defendant.

Defendant was subsequently charged with driving under the influence (DUI), aggravated driving with a revoked license (DARP),

driving without insurance, and displaying fictitious plates.

At trial, defendant's friend, who was the vehicle's owner, testified that he had been driving the vehicle and defendant was his passenger. He stated that the vehicle ran out of gas, and then he "cranked" the vehicle until it stalled, at which point he decided he needed jumper cables and gas. He hitchhiked to his house to get jumper cables after he left the ignition key with defendant and instructed him to get gas.

Over defense counsel's objection, the court submitted a jury instruction that defined the terms "drive" and "operate" in the DUI and DARP statutes as exercising actual physical control of a vehicle, which was to be determined by considering the totality of the circumstances. The instruction further provided a nonexclusive list of factors for the jury to consider in determining the issue of actual physical control. The factors included the vehicle's operability, the vehicle's location, defendant's location in the vehicle, the location of the ignition keys, whether the motor was running, whether defendant had the apparent ability to start the vehicle, whether defendant was conscious, whether the heater or air conditioner was running, whether the windows were up or down, and any other factor which tended to indicate that defendant exercised bodily influence or direction over the vehicle based on the jury's everyday experience. The jury ultimately convicted defendant of all charges except displaying fictitious plates.

At sentencing, the trial court merged the DUI and the DARP convictions and imposed a three-year community corrections sentence for the DARP conviction, which was the maximum in the aggravated range for that felony. The court relied on defendant's history of driving under the influence, which included five previous DUI convictions. Defendant appeals.

## II. Jury Instruction

■■ Defendant contends that the trial court erred by not instructing the jury that it was required to find the vehicle was reasonably capable of being rendered operable in order to convict him of illegally driving or operating a vehicle under the DUI and DARP statutes. Although we agree that such an instruction is necessary when there is evidence indicating that the vehicle may not have been reasonably capable of being rendered operable, we see no error based on the undisputed evidence here.

Section 42–2–206(1)(b), C.R.S.2007, the DARP statute, provides that a person commits the crime of aggravated driving with a revoked license if he or she, among other things, "operates" a motor vehicle while his or her license is revoked. *See People v. Gregor,* 26 P.3d 530, 532 (Colo.App.2000). Section 42–4–1301(1)(b), C.R.S.2007, the DUI statute, prohibits a person who is impaired by drugs or alcohol from "driving" any vehicle in the state. *See People v. Swain,* 959 P.2d 426, 428 (Colo.1998).

■■ The term "drive" in the DUI statute means to exercise actual physical control over a motor vehicle. *Id.* The term "operate" in the DARP statute is somewhat broader, connoting the action of causing something to occur or to cause to function, usually by direct personal effort. *People v. Stewart,* 55 P.3d 107, 115–16 (Colo.2002); *Gregor,* 26 P.3d at 532. Neither term requires actual physical movement of a vehicle, nor need a vehicle travel any particular distance. *Colo. Div. of Revenue v. Lounsbury,* 743 P.2d 23, 27 (Colo. 1987); *Gregor,* 26 P.3d at 532.

Although neither the DUI nor the DARP statute expressly includes vehicle operability as an element of the offense, defendant contends the terms "drive" and "operate" presuppose the vehicle is at least reasonably capable of being rendered operable. Numerous jurisdictions have so held in adopting the "reasonably capable of being rendered operable" standard. *See, e.g., Williams v. State,* 884 P.2d 167, 170–71 (Alaska Ct.App.1994) ("reasonably capable of being rendered operable" is a requirement for DWI conviction), *abrogated on other grounds by State v. Coon,* 974 P.2d 386 (Alaska 1999); *State v. Adams,* 142 Idaho 305, 127 P.3d 208, 210–12 (App. 2005) (actual physical control requires vehicle to be capable of operation, of readily being made operable, or of being put into motion as by coasting or pushing); *State v. Butler,* 108

S.W.3d 845, 852 (Tenn.2003) (adopting the reasonably capable of being rendered operable standard in cases where a defendant contests physical control based upon alleged inoperability of the vehicle); *State v. Smelter,* 36 Wash.App. 439, 674 P.2d 690, 693 (1984) (affirming application of "reasonably capable of being rendered operable" as a threshold standard for physical control); *cf. Hodge v. State,* 27 Ark.App. 93, 766 S.W.2d 619, 621 (1989) (vehicle may be so incapable of operation that subsequent control over it would fall outside the purview of driving while intoxicated statute).

■ In explaining this standard, courts have noted that the concept of actual physical control or operation in such statutes presupposes the presence of a vehicle that can be controlled or operated. *Adams,* 127 P.3d at 211. The threat that impaired driving statutes seek to avoid is that a vehicle will be put into motion by an intoxicated occupant and thus pose a risk to the safety of the occupant and others. *Id.* The risk does not exist when a vehicle is inoperable, not subject to being made readily operable, not in motion (whether by coasting or being pushed), or not at risk of coasting. *Id.*

However, the risk remains present when the reason for a vehicle's inoperability is a temporary condition that can be quickly remedied, as when a wheel has been removed to change a flat tire or the vehicle's battery has died. *Id.* Thus, the "reasonably capable of being rendered operable" standard distinguishes between a vehicle that has simply run out of gas and one that is in a condition that renders it "totally inoperable." *See Smelter,* 674 P.2d at 693.

We find the reasoning of these courts persuasive and conclude this is the proper standard. *See Gitlitz v. Bellock,* 171 P.3d 1274, 1279 (Colo.App.2007) (noting propriety of looking to other states when Colorado courts have not addressed an issue).

■ The People agree this is the proper standard, but argue it is merely a factor for the jury to consider rather than one required by the terms "drive" and "operate" in the DUI and DARP statutes. Although some states have considered it only a factor, we agree with the many that have concluded a vehicle must be reasonably capable of being rendered operable before a person can be convicted of "driving" or "operating" the vehicle while intoxicated. *Compare Bodner v. State,* 752 A.2d 1169, 1174 (Del.2000) (whether the vehicle might have been rendered operable so as to be a danger to persons or property is a factor), *and State v. Starfield,* 481 N.W.2d 834, 839 (Minn.1992) (vehicle operability is simply a factor to be evaluated with all the other facts and circumstances), *with Williams,* 884 P.2d at 170–71 ("reasonably capable of being rendered operable" is a requirement for DWI conviction), *Adams,* 127 P.3d at 211 (actual physical control requires vehicle to be capable of operation, of readily being made operable, or of being put into motion as by coasting or pushing), *and Smelter,* 674 P.2d at 693 (affirming application of "reasonably capable of being rendered operable" as a threshold standard for physical control).

Were we to conclude otherwise, an individual could conceivably be convicted under the DUI or DARP statutes for "driving" or "operating" a vehicle that does not have wheels and an engine, a result seemingly outside the purview of the risk to the safety of the public and the occupant that such statutes seek to mitigate. *See Adams,* 127 P.3d at 211.

■ Accordingly, when considering whether a defendant exercised actual physical control over a vehicle or caused it to function, that is, drove or operated a vehicle, a jury may consider the totality of the circumstances, including the factors listed in the jury instruction here. Furthermore, when there is evidence indicating that the vehicle may not have been reasonably capable of being rendered operable, the jury must be instructed that it must find the vehicle was either operable, reasonably capable of being rendered operable, in motion (whether by coasting or pushing), or at risk of being put in motion before finding the defendant guilty of driving or operating a vehicle under the DUI and DARP statutes. *See id.*

Here, although the court did not instruct the jury that it must find the vehicle was reasonably capable of being rendered operable, it did not err because there was undis-

puted testimony that the vehicle's alleged inoperability was a result only of a lack of fuel and a dead battery. These circumstances do not, as a matter of law, render a vehicle not reasonably capable of being rendered operable. *See id.* (dead battery is only a condition of temporary inoperability and thus vehicle is reasonably capable of being rendered operable); *Smelter,* 674 P.2d at 693 (vehicle that runs out of gas on a freeway several exits from a gas station is reasonably capable of being rendered operable).

We also reject defendant's contention that the evidence was insufficient to support his convictions. Because the testimony regarding the vehicle's inoperability due to a lack of fuel and dead battery was undisputed, the evidence was sufficient to conclude that the vehicle was reasonably capable of being rendered operable. *See Dempsey v. People,* 117 P.3d 800, 807 (Colo.2005) (evidence must be substantial and sufficient to support the defendant's guilt beyond a reasonable doubt).

### III. Constitutionality of DARP and DUI Statutes

■ Defendant next contends that if the DARP and DUI statutes permit a defendant to be convicted of driving or operating an inoperable vehicle, the statutes are unconstitutionally void for vagueness as applied. However, because defendant did not raise the constitutionality of the statutes before the trial court, we will not consider the issue here. *See People v. Veren,* 140 P.3d 131, 140 (Colo.App.2005) (statute's constitutionality as applied cannot be decided on appeal if it has not been fairly presented to the trial court).

### IV. Sentencing

Last, defendant contends that the trial court violated his right to due process in imposing an aggravated sentence of three years based on his five prior misdemeanor DUI convictions. We disagree.

■ As defendant concedes, the Colorado Supreme Court held that a sentencing court may aggravate a sentence on the basis of prior misdemeanor convictions pursuant to the prior conviction exception set forth in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *People v. Huber,* 139 P.3d 628, 632 (Colo.2006). Accordingly, we reject defendant's contention. *People v. Allen,* 111 P.3d 518, 520 (Colo.App. 2004) (court of appeals is bound by decisions of the Colorado Supreme Court); *see Raile v. People,* 148 P.3d 126, 130 n. 6 (Colo.2006) (state court must follow precedent of United States Supreme Court on matters of federal law).

The judgments of conviction and sentence are affirmed.

Judge TAUBMAN and JUdge LOEB concur.