Opinion by JUDGE TAUBMAN
¶ 1 Defendant, Arthur Ray Valdez, appeals his judgment of conviction following a jury verdict finding him guilty of aggravated driving after revocation prohibited (ADARP) and driving under the influence (DUI). He also appeals the sentences imposed for the offenses. We affirm.
I. Background
¶ 2 In March 2010, a witness driving in Pueblo observed a vehicle parked along the curb at an intersection. Concerned, he stopped and discovered Valdez passed out and unresponsive in the driver's seat. He contacted law enforcement officials.
¶ 3 When law enforcement officials arrived, they observed Valdez in a stupor with a twenty-four-ounce can of beer between his legs, and his feet near the gas and brake pedals. They also found his keys in the ignition. When they arrested Valdez, he slurred his speech and drifted in and out of consciousness. At one point, he attempted to start the vehicle, but the officers restrained him. They eventually removed him from the vehicle. At the time of the arrest, Valdez's driver's license had been revoked because he was a habitual traffic offender.
¶ 4 The prosecution charged Valdez with ADARP and DUI. The jury convicted him as charged, and the trial court sentenced him to three years of probation for ADARP and two years of probation plus sixty days in jail for DUI.
II. Sufficiency of the Evidence
¶ 5 Valdez contends that the trial court erred in denying his motions for judgment of acquittal on the charges of ADARP and DUI because the prosecution failed to prove beyond a reasonable doubt that he "operated" or "drove" an "operable" motor vehicle. We disagree.
A. Standard of Review
¶ 6 We review the denial of a motion for a judgment of acquittal de novo. People v. Reed, 2013 COA 113, ¶ 49, 338 P.3d 364. In doing so, we review the record to "determine whether the evidence before the jury was sufficient both in quantity and quality to sustain the defendant's conviction." Clark v. People, 232 P.3d 1287, 1291 (Colo. 2010).
B. Analysis
¶ 7 To determine if the evidence presented to the jury is sufficient to sustain a defendant's conviction, we apply a substantial evidence test. Id . This test considers "whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." Id . (quoting People v. Bennett, 183 Colo. 125, 130, 515 P.2d 466, 469 (1973) ). More specifically, we have to determine "whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id .
*98 ¶ 8 In applying the test, we must give the prosecution the benefit of every reasonable inference which may be fairly drawn from the evidence. Id . at 1292. The weight and credibility of the evidence are deferred to the jury's judgment. People v. McGlotten, 166 P.3d 182, 188 (Colo. App. 2007).
¶ 9 Here, Valdez contends the prosecution did not prove, beyond a reasonable doubt, the requisite elements for his ADARP and DUI convictions. He argues that the prosecution did not provide evidence that he had driven the vehicle. He also asserts that his witnesses testified that the vehicle's battery was dead and that the vehicle had to be pushed or towed. Last, he maintains that the vehicle was inoperable even though he reached for the ignition because the engine would not actually start. We are not persuaded by these arguments.
¶ 10 An ADARP conviction requires proof beyond a reasonable doubt that a defendant "operated" a vehicle. See § 42-2-206(1)(b)(I), C.R.S. 2014. The term "operate" means "the action of causing something 'to occur ... [or] to cause to function usually by direct personal effort.' " People v. Stewart, 55 P.3d 107, 115 (Colo. 2002) (quoting People v. Gregor, 26 P.3d 530, 532 (Colo. App. 2000) ).
¶ 11 A DUI conviction requires proof beyond a reasonable doubt that the defendant drove a vehicle. See § 42-4-1301(1)(a), C.R.S. 2014. The term "drive" means to exercise "actual physical control" over a motor vehicle. Stewart, 55 P.3d at 115 (quoting People v. Swain, 959 P.2d 426, 431 (Colo. 1998) ).
¶ 12 However, neither term requires either actual physical movement of a vehicle or that the vehicle travel any particular distance. See Smith v. Charnes, 728 P.2d 1287, 1292 (Colo. 1986) (holding the defendant exercised actual physical control of the vehicle when he was intoxicated and found asleep or unconscious behind the wheel of a stopped vehicle, with the engine running and the lights on); People v. VanMatre, 190 P.3d 770, 774 (Colo. App. 2008) (holding the defendant operated a vehicle even though the vehicle could not move because it lacked fuel and the battery was dead).
¶ 13 Here, the prosecution presented sufficient evidence to prove, beyond a reasonable doubt, that Valdez had driven and operated the vehicle for purposes of his DUI and ADARP convictions, respectively. First, there was sufficient evidence to prove that Valdez drove the vehicle to the intersection. As noted, the police found him passed out in the driver's seat of the vehicle; his feet were by the gas and brake pedals; the keys were in the ignition; and the lights were on. Further, when law enforcement officials awakened him, he attempted to start the vehicle. The People argue that the jury could have reasonably inferred that "one seated behind the wheel of, and attempting to start, a vehicle stopped in a highway travel lane, was a driver thereof." See Johnson v. Motor Vehicle Div., 38 Colo.App. 230, 556 P.2d 488, 491 (1976). Here, although the vehicle was not in a highway travel lane, it was on the side of the road. Therefore, we conclude that the rationale in Johnson applies.
¶ 14 Additionally, the fact that the vehicle was allegedly immobile at the time of the arrest is not determinative. "The focus should not be narrowly upon the mechanical condition of the car when it comes to rest, but upon the status of its occupant and the nature of the authority he or she exerted over the vehicle in arriving at the place from which, by virtue of its inoperability, it can no longer move." State v. Smelter, 36 Wash.App. 439, 674 P.2d 690, 693 (1984) (cited by VanMatre, 190 P.3d at 773 ). "To hold otherwise could conceivably allow an intoxicated driver whose vehicle was rendered inoperable in a collision to escape prosecution." Id . Evidence at Valdez's trial established that he was intoxicated when the vehicle stopped at the intersection.
¶ 15 Nevertheless, Valdez contends that his witnesses testified that he never drove the vehicle; therefore, he could not be convicted of ADARP and DUI. However, we agree with the People that a jury could have reasonably rejected his witnesses' testimony because of its inconsistency. For instance, on the first day of his testimony, one witness testified that the keys were not originally in *99 the ignition and that he put the keys in the ignition to start the vehicle. The next day, however, the same witness testified that the keys were already in the ignition. Further, the witnesses could not recall pushing the vehicle to the curb, or explain how Valdez was left unconscious in the passenger seat but then found by the police in the driver's seat.
¶ 16 Because of the overwhelming evidence presented at trial and the witnesses' inconsistent testimony, the evidence, when viewed in a light most favorable to the prosecution, was sufficient to sustain the convictions for both ADARP and DUI. Accordingly, the trial court did not err in denying Valdez's motions for a judgment of acquittal.
III. Proof Beyond a Reasonable Doubt
¶ 17 Valdez also contends that the trial court erred in not instructing the jury to determine, beyond a reasonable doubt, the operability of the vehicle at issue. We disagree.
A. Standard of Review
¶ 18 As relevant here, we review unpreserved issues for plain error. See Lehnert v. People, 244 P.3d 1180, 1184 (Colo. 2010). An alleged error is plain if it is "obvious and substantial and so undermine[s] the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction." Id . at 1185 (quoting Kaufman v. People, 202 P.3d 542, 549 (Colo. 2009) ). The defendant must show that the error affected a substantial right, and the record must reveal a reasonable probability that the error contributed to the defendant's conviction. People v. Miller, 113 P.3d 743, 750 (Colo. 2005) ("An erroneous jury instruction does not normally constitute plain error where the issue is not contested at trial or where the record contains overwhelming evidence of the defendant's guilt.").
B. Analysis
¶ 19 In VanMatre, 190 P.3d at 773, a division of this court held:
[W]hen there is evidence indicating that [a] vehicle may not have been reasonably capable of being rendered operable, the jury must be instructed that it must find the vehicle was either operable, reasonably capable of being rendered operable, in motion (whether by coasting or pushing), or at risk of being put in motion before finding the defendant guilty of driving or operating a vehicle under the DUI and DARP statutes.
¶ 20 However, the division did not state whether such instruction involved an element of DUI and ADARP that had to be proven beyond a reasonable doubt, an affirmative defense that the prosecution had to disprove by the same standard, or a traverse defense that would negate the elements of "driving" and "operating" a vehicle for DUI and ADARP, respectively. Rather, the division stated that "the necessarily capable of being rendered operable" finding was required by the "drive" and "operate" language in the DUI and DARP statutes and was not "merely a factor for the jury to consider." Id .
¶ 21 The trial court instructed the jury here according to the language prescribed by VanMatre . Valdez, however, relies on VanMatre to argue that the prosecution had to prove the operability of the vehicle beyond a reasonable doubt. The People, on the other hand, contend that a vehicle's operability is an element-negating traverse that does not require proof beyond a reasonable doubt. We agree with the People.
¶ 22 Generally, a defendant may raise two types of defenses to a criminal charge: (1) affirmative defenses; or, (2) traverse defenses. People v. Pickering, 276 P.3d 553, 555 (Colo. 2011). As pertinent here, a traverse defense "effectively refute[s] the possibility that the defendant committed the charged act by negating an element of the act." Id ."If the evidence supports a traverse defense, the prosecution need do no more than prove the elements of the offense beyond a reasonable doubt." People v. Doubleday, 2012 COA 141, ¶ 25, 369 P.3d 595 (cert. granted on other grounds Oct. 7, 2013). In other words, "[b]y proving the elements, the prosecution necessarily will negate the traverse defense." Id .
*100 ¶ 23 Here, if "the vehicle is not operable, nor subject to being readily made operable, nor in motion (whether by coasting or being pushed), nor at risk of coasting," the prosecution cannot prove the elements, "drive" and "operate," for the DUI and ADARP statutes, respectively. See State v. Adams, 142 Idaho 305, 127 P.3d 208, 211 (Idaho Ct. App. 2005) ; see also VanMatre, 190 P.3d at 772. Therefore, the instruction set forth in VanMatre involves an element-negating traverse because, if a defendant establishes that a "vehicle may not have been reasonably capable of being operable," such evidence would necessarily negate the required elements of "driving" and "operating" a vehicle.[1]
¶ 24 Further, the statutes for ADARP and DUI do not include the language "reasonably capable of being rendered operable," as an element of those offenses. See § 42-2-206(1)(b)(I) (a conviction for ADARP requires an accused to operate a motor vehicle with a revoked driver's license); § 42-4-1301(1)(a) (a conviction for DUI requires an accused to drive a vehicle while impaired by drugs or alcohol). Consequently, the prosecution was not required to prove the operability of the vehicle beyond a reasonable doubt, and the trial court was not required to provide such an instruction.
¶ 25 Accordingly, we perceive no error, much less plain error, resulting from the trial court's DUI and ADARP instructions.
IV. Double Jeopardy
¶ 26 Last, Valdez argues that the trial court plainly erred by not merging his ADARP and DUI convictions because proof of ADARP necessarily establishes all elements of DUI, and, therefore, DUI is a lesser included offense of ADARP. We disagree.
A. Standard of Review
¶ 27 Generally, we review double jeopardy claims de novo because they involve a legal question. Additionally, where, as here, the issue is unpreserved, we review it for plain error. See People v. Zubiate, 2013 COA 69, ¶¶ 35, 38, 411 P.3d 757 (cert. granted June 16, 2014).[2] Error is obvious if it is "clear under current law." People v. O'Connell, 134 P.3d 460, 464 (Colo. App. 2005) (quoting United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ). However, where the law is unsettled, the trial court's alleged error with respect to the law cannot constitute plain error. See People v. Stroud, 2014 COA 58, ¶ 33, 356 P.3d 903.
B. Analysis
¶ 28 "The Double Jeopardy Clauses of the United States and Colorado Constitutions generally prohibit [courts from] imposing multiple punishments for the same offense." Zubiate, ¶ 36 ; see U.S. Const. amend. V ; Colo. Const. art. II, § 18. Nevertheless, the General Assembly may enact statutes that subject a defendant to multiple punishments for a single transaction. See Zubiate, ¶ 36.
¶ 29 In those circumstances, separate convictions and sentences may stand so long as one crime is not a lesser included offense of another crime under section 18-1-408(5)(a), C.R.S. 2014. See People v. Leske, 957 P.2d 1030, 1035-36 (Colo. 1998). As pertinent here, we apply the "strict elements test," which provides that an offense is lesser included "if establishing the greater offense's statutory elements necessarily establishes all *101 the lesser offense's elements." Zubiate, ¶ 37. Therefore, we compare the elements of the statutory offenses, not the evidence presented at trial on those elements. People v. Rodriguez, 914 P.2d 230, 286 (Colo. 1996). Further, we do not consider sentence enhancers in our analysis. See Lewis v. People, 261 P.3d 480, 483 (Colo. 2011).
¶ 30 Here, section 42-2-206(1)(a)(I) states, "Any person found to be an habitual offender, who operates a motor vehicle in this state while the revocation of the department prohibiting such operation is in effect," commits the crime of driving after revocation prohibited. That crime is aggravated when "as a part of the same criminal episode," the person also commits one of the offenses listed in section 42-2-206(1)(b)(I), including DUI and DUI per se. § 42-2-206(1)(b)(I)(A).
¶ 31 Valdez argues that DUI is a lesser included offense of ADARP because proof of the elements of ADARP necessarily proves the elements of DUI. The People, however, contend that the law is currently unsettled as to whether the driving offenses listed in section 42-2-206(1)(b)(I) are elements or sentence enhancers. We agree with the People.
¶ 32 Specifically, three divisions of this court have reached different conclusions concerning double jeopardy claims for the driving offenses listed in section 42-2-206(1)(b)(I). See People v. Dutton, 2014 COA 51, ¶¶ 35, 36, 356 P.3d 871 (holding that reckless driving under section 42-2-206(1)(b)(I)(C) is an element, not a sentence enhancer, of ADARP, and is, therefore, a lesser included offense of ADARP); Zubiate, ¶ 40 (stating that driving under restraint (DUR) is a sentence enhancer of driving after revocation prohibited (DARP), and, therefore, is not a lesser included offense of DARP) (cert. granted on this issue June 16, 2014); People v. Carlson, 119 P.3d 491, 494 (Colo. App. 2004) (concluding that DUI is an element of ADARP, and is, therefore, a lesser included offense of ADARP), superseded by statute, ch. 258, sec. 3, § 42-2-206(1)(b)(III)(A), 2010 Colo. Sess. Laws 1158 (allowing separate convictions and sentences for DUI and ADARP for offenses committed after July 1, 2010).
¶ 33 As noted, where, as here, the law is presently unsettled, the trial court does not commit plain error. Accordingly, we conclude that the trial court did not commit plain error in upholding the jury's separate convictions for Valdez's DUI and ADARP offenses, and for imposing separate sentences for those crimes.
¶ 34 The judgment is affirmed.
JUDGE NAVARRO concurs.
JUDGE BERNARD specially concurs.

Although the newly promulgated criminal jury instructions for DUI and DARP cite to VanMatre in the comments, those comments do not address whether the VanMatre instruction is an element-negation traverse. See COLJI-Crim. 42:05 cmt. 3(DUI), 42:05 cmt. 4 (DARP) (2014).

In addition to Zubiate, the supreme court has granted petitions for writs of certiorari in the following cases to determine the standard of review for unpreserved double jeopardy claims: People v. Smoots, 2013 COA 152, 396 P.3d 53 (cert. granted June 30, 2014); People v. Hill, (Colo. App. No. 12CA0168, 2013 WL 4047498, Aug. 8, 2013) (not published pursuant to C.A.R. 35(f) ) (cert. granted June 30, 2014); People v. Reyna-Abarca, (Colo. App. No. 10CA0637, 2013 WL 4008874, Aug. 1, 2013) (not published pursuant to C.A.R. 35(f) ) (cert. granted June 30, 2014); and People v. Bunce, (Colo. App. No. 12CA0622, 2013 WL 3974719, July 25, 2013) (not published pursuant to C.A.R. 35(f) ) (cert. granted June 16, 2014).