**Nakiesha JONES, Plaintiff–Appellant,**

**Richard Baumgarten, In re Certification of Civil Contempt, Plaintiff,**

v.

**J.C. PENNY'S DEPARTMENT STORES INC., Nicholas A. Goodwin, J.C. Penny's Employee, Paul Meerboth, J.C. Penny Loss Prevention Officer, Defendants–Cross–Claimants–Appellees,**

**Scott Piel, Defendant–Appellee,**

**Jane Doe, Defendant.**

**No. 07–2870–cv.**

United States Court of Appeals, Second Circuit.

March 25, 2009.

Louis Rosado, Buffalo, NY, for Appellant.

Michele K. Snyder, Feldman, Kieffer & Herman, LLP, Buffalo, NY, for Appellees J.C. Penney's Department Stores Inc., Nicholas A. Goodwin, and Paul Meerboth.

Kristin Klein Wheaton, First Assistant County Attorney, for Cheryl A. Green, Erie County Attorney, Buffalo, NY, for Appellee Scott Piel.

Present: WALKER, ROSEMARY S. POOLER, Circuit Judges and LEWIS A. KAPLAN,* District Judge.

### SUMMARY ORDER

Nakiesha Jones brought a complaint alleging various causes of action under federal and New York law related to her arrest for alleged shoplifting at a J.C. Penney's department store. Jones, who is an African–American female, alleges that she was targeted for surveillance, falsely arrested, falsely imprisoned, and maliciously prosecuted on account of her race by J.C. Penney's Department Stores Inc., J.C. Penney's employees Paul Meerboth and Nicholas Goodwin, and Erie County Deputy Sheriff Scott Piel. She appeals from a May 31, 2007, 2007 WL 1577758, order of the district court adopting the report and recommendations of Magistrate Judge Leslie G. Foschio granting defendants' motion for summary judgment and dismissing the complaint. The issues on appeal are whether the district court erred in (1) granting summary judgment for defendants and (2) imposing various scheduling and discovery orders. We assume the parties' familiarity with the underlying

---

* The Honorable Lewis A. Kaplan, United States District Court for the Southern District of New York, sitting by designation.

facts, procedural history, and specification of issues for review.

We review a grant of summary judgment de novo, *Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir.2008), and discovery rulings for abuse of discretion, *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir.2008).

■ Jones argues that the district court erred in concluding that there was probable cause for her arrest, but she failed to come forward with any facts creating a genuine issue with respect to this question. Probable cause exists where "officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996) (citations omitted). Jones does not dispute that, from the store surveillance tape, it appears that she went into a fitting room with five items of J.C. Penney's merchandise, that she emerged with only three items, and that a price tag could be seen protruding from her bag, which appeared to be fuller than it had been when she entered the fitting room. She does not dispute that a J.C. Penney's employee informed Deputy Sheriff Piel that the missing items were not found in the fitting room immediately after Jones's departure. Piel reasonably relied on these statements and the videotape in determining that there was probable cause to arrest Jones. Jones faults Piel for relying on the eyewitness reports of the J.C. Penney's employees, but she fails to argue that there were any "circumstances

[which] raise doubt as to the ... veracity" of those reports. *Curley v. Vill. of Suffern*, 268 F.3d 65, 69–70 (2d Cir.2001).

Jones also argues that there was no probable cause because, some time after she had left J.C. Penney's, she was stopped by officers at another store, at which time she was accused of another incident of shoplifting, but the missing J.C. Penney's merchandise was not found in her bag. However, in light of the videotape and other evidence from which the J.C. Penney's employees and Piel could reasonably have concluded that Jones had stolen the J.C. Penney's merchandise, the fact that the lost goods were not ultimately recovered by defendants is not so exculpatory that it undermines probable cause for Jones's prosecution; Jones could have hidden the items elsewhere. Thus, we agree with the district court that there was probable cause for Jones's arrest and prosecution. *See Curley*, 268 F.3d at 69–70.

The district court's conclusion that the officers had probable cause required dismissal of her federal and state law claims for false arrest, false imprisonment, and malicious prosecution.[1] *See Bonide Prods., Inc. v. Cahill*, 223 F.3d 141, 145 (2d Cir.2000) ("To prove a § 1983 or state law claim of malicious prosecution, [a plaintiff] must establish [inter alia] ... that there was no probable cause for the criminal proceeding; ..."); *Weyant*, 101 F.3d at 852 ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." (quotation marks and citation omitted)); *Zanghi v. Inc. Vill. of Old Brookville*, 752 F.2d 42, 45

---

1. Magistrate Judge Foschio also recommended dismissal on a number of alternative grounds, including that the claims under 42 U.S.C. § 1983 against the J.C. Penney's defendants failed for lack of state action, that defendant Piel was entitled to qualified immunity, and that certain claims against Piel were barred by the applicable statute of limitations and plaintiff's failure to failure to serve notice required by Section 50–e of New York General Municipal Law. Because we affirm on other grounds, we do not reach these issues.

(2d Cir.1985) ("It is abundantly clear that a finding of probable cause will defeat state tort claims for false arrest, false imprisonment and malicious prosecution."). Thus, we do not reach the issues with respect to the other elements of these claims.

■ Although the complaint does not characterize the claims as such, Magistrate Judge Foschio analyzed Jones's arguments that she was singled out by the J.C. Penney's defendants due to her race as a claim of selective prosecution. Probable cause for arrest is not a complete defense to a selective prosecution claim. *See United States v. Armstrong,* 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). "The requirements for a selective-prosecution claim draw on 'ordinary equal protection standards.'" *Id.* at 465, 116 S.Ct. 1480. A successful selective prosecution claim based on race requires that the plaintiff show "that similarly situated individuals of a different race were not prosecuted." *Id.* The Magistrate Judge concluded that "the record is utterly devoid of any evidence demonstrating that Defendants selectively prosecuted African–Americans for shoplifting, while not pursuing similar charges against white shoplifters."

Jones presented no direct evidence that the defendants harbored animus towards her based on her race. However, Jones points to a statement by Meerboth that he began monitoring her with the store's surveillance cameras because she was shopping in a department that did not seem "age appropriate," among other reasons. Jones stated that she was shopping in the women's clothing department at the time. Assuming Jones is correct, this fact could suggest that one of Meerboth's race-neutral reasons for focusing surveillance on Jones was pretense. But this suggestion of pretense is not sufficient to allow a reasonable jury to conclude that the J.C.

Penney's defendants identified Jones to the police due to her race, rather than due to reasonable suspicion that she had been shoplifting after they saw her emerge from the dressing room. A "scintilla of evidence" is insufficient to defeat a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Jones argues that there is a genuine dispute as to whether she was singled out by the J.C. Penney's defendants due to her race based on the surveillance videotape, which shows that officers zoomed the camera in on African American female shoppers engaged in innocent conduct at least three times during the ninety minutes prior to Jones's arrival at the store. However, Jones does not dispute that the cameras also tracked white shoppers engaged in similar behavior. Jones also submitted the affidavit of Marquita Sharp, a J.C. Penney's employee, who stated that she observed store personnel monitoring minority customers more carefully than white customers. But the incidents Sharp describes relate to individuals not involved in this litigation, occurred more than two years after Jones's arrest, and are not probative of J.C. Penney's policies or patterns with respect to prosecution of customers caught in apparent shoplifting. Jones does not present any arrest records, data, statistical evidence, or other information from which any pattern of racially disparate enforcement of loss prevention policies could be inferred.

The conclusion that Jones could not prevail on her claims that the officers lacked probable cause for her arrest or that they discriminated against her based on her race required dismissal of her state and federal claims of abuse of process, *see Cook v. Sheldon,* 41 F.3d 73, 80 (2d Cir. 1994) (holding that a claim for abuse of process requires a plaintiff to show that

the defendants acted "with intent to do harm without excuse or justification, ... in order to obtain a collateral objective that is outside the legitimate ends of the process"), her claim under 42 U.S.C. § 1981, *see Phillip v. Univ. of Rochester,* 316 F.3d 291, 298 (2d Cir.2003); *Pierre v. J.C. Penney Co.,* 340 F.Supp.2d 308, 310 (E.D.N.Y. 2004), and her remaining tort and civil rights claims, to the extent that she argues those claims on appeal.

Jones also disputes a number of discovery rulings. She argues that Magistrate Judge Foscio erred in imposing a four-month time period for completion of document discovery and depositions as a penalty for her counsel's failure to attend the scheduling conference. We do not agree that the court's scheduling order was punitive or otherwise an abuse of discretion. The record reflects that the court imposed the four-month deadline because it considered that time period to be more appropriate for the requirements of the case.

■ Jones also argues that the district court erred in denying her September 30, 2004 motion to extend the discovery deadline to allow her to depose Meerboth and Goodwin. Jones's counsel had refused to depose Goodwin and Meerboth on September 30, 2004 because Piel was not also available for a deposition on that date. Jones's counsel argued that, due to his tight schedule, he had to depose all three defendants at once. Magistrate Judge Foschio rightly rejected this reasoning as nonsensical. Jones's counsel later argued that he could not have deposed Meerboth and Goodwin on September 30, 2004 because defendants failed to produce certain employment records and an unredacted copy of the store's surveillance videotape until long after that date. Our review of the record reveals however, that the delay in plaintiff's receipt of these materials was occasioned by her own counsel's lack of diligence. Thus, we find no abuse of discretion in the Magistrate Judge's ruling that plaintiff failed to establish "good cause" for an extension under Rule 16(b) of the Federal Rules of Civil Procedure. *See Grochowski v. Phoenix Const.,* 318 F.3d 80, 86 (2d Cir.2003) ("A finding of good cause depends on the diligence of the moving party.").

■ Jones also argues that the Magistrate Judge erred in entering a decision and order on November 1, 2006 denying her motion for a continuance to oppose defendants' motion for summary judgment. The Magistrate Judge denied the motion on the ground that Jones had failed to demonstrate "excusable neglect" for filing it out of time under Rule 6(b) of the Federal Rules of Civil Procedure. This was not an abuse of discretion, in light of Jones's failure to justify the delay. *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 927 (2d Cir.1985) (holding that the district court did not abuse its discretion in denying a Rule 56(f) motion for a continuance where the movant "had ample time in which to pursue the discovery that it now claims is essential").

We have considered plaintiff's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each party will bear its own costs with respect to this appeal.